Janice Faye KLINE *v.* Roy Lee KLINE

76-113                                        542 S.W. 2d 499

Opinion delivered November 1, 1976

*Michael L. Ellig,* for appellant.

*William M. Stocks,* for appellee.

Frank Holt, Justice. This appeal is from a proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA), Ark. Stat. Ann. § 34-2401, *et seq.* (Supp. 1975) in which appellant sought enforcement of a child support order which was rendered in a Tennessee divorce action between herself and appellee. Here, by the provisions of the Act, Tennessee is the initiating state and Arkansas the responding state. Upon trial of the cause, the Arkansas chancellor considered that a change in circumstances had affected appellee's ability to pay. Therefore, the court reduced his payment from $400 a month to $25 a week for the support and maintenance of his two minor children. The payments, however, were made contingent upon the appellant making their children available to appellee for visitation both in Tennessee and at appellee's home in Fort Smith, Arkansas. From that portion of the order making the support payments contingent on visitation rights, appellant brings this appeal. Appellant contends that the Arkansas trial court had no jurisdiction to adjudicate the visitation rights of the parties in a proceeding under the URESA and, therefore, it was error to make the child support payments contingent upon visitation rights. We must agree.

§ 34-2401, the first section of the Act, states: "The purposes of this Act are to improve and extend by reciprocal legislation the enforcement of duties of support." § 34-2423 provides:

> If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty to support, subject only to any defenses available to an obligor [appellee] with respect to paternity as provided in § 27 hereof or to a defendant in an action or a proceeding to enforce a foreign money judgment.

Further, § 34-2432 states: "Participation in any proceeding under this Act does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding." Obviously, the Act is intended to facilitate enforcement of support orders rendered in our sister states by way of an *exparte* proceeding whereby a duly rendered valid support decree is prima facie evidence of the obligor's duty. The URESA is a uniform law, remedial in nature and purpose, and should be liberally construed in order to effectuate its purpose to accomplish and enforce the duty of a parent to support his children. *State of Illinois* v. *Sterling,* 80 N.W. 2d 13 (Minn. 1956). There it was also said that parental visitation rights are governed by the laws of that state, Tennessee here, where the divorce was secured. Consequently, the visitation rights or the enforcement of them should be addressed to the Tennessee court where the appellant mother and children continue to reside following the divorce action there. That is the court which has continuing jurisdiction over the parties as to visitation rights.

Reversed.

We agree: HARRIS, C.J., and BYRD and ROY, JJ.