Bonita M. SCINTA *v.* James J. MARKWARD

CA 79-138                                        588 S.W. 2d 456

Opinion delivered October 10, 1979
and released for publication October 31, 1979

*Robert R. Cloar,* for appellant.

*Gean, Gean & Gean,* for appellee.

ERNIE E. WRIGHT, Chief Judge. Appellant, Mrs. Scinta, and appellee, Mr. Markward, were divorced November 19, 1969 in the State of New York. The decree required appellee to pay appellant $134.00 per month child support for the two minor children of the parties. Sometime after appellee's removal to Arkansas and failure to make support payments appellant in 1975 initiated a Uniform Reciprocal Support Petition in New York where she and the minor children continued to reside and same was duly filed in the Chancery Court of Sebastian County, Fort Smith District, with a certification of need by the judge of the forwarding court showing need of the children to be $200.00 per month, plus medical and dental expenses. After service of summons on appellee and a hearing on the petition and the cross complaint filed by the appellee asking for custody of the children, the court entered an order dated March 24, 1976 finding appellee had the ability to pay $115.00 per month child support and ordering him to pay same and to maintain group insurance coverage for the children or otherwise be responsible to defray extraordinary medical or dental bills for them. The court further ordered that appellee should have the right to have the children visit with him in Arkansas from June 1 until August 15 of each year and that he would "be relieved of child support payments for such extended visitation periods in the summer months when and if exercised".

On August 11, 1976 the court entered an order finding appellant in contempt of court for failure to comply with the visitation provisions of the order of March 24, 1976 in the reciprocal support proceeding, reducing the child support to $100.00 per month and providing for disbursement of the child support payments to appellant only on condition she comply with the Arkansas court order with reference to visitation. Later, a motion was filed to vacate the order dated August 11, 1976. At a hearing on June 29, 1977, at which the respective parties were represented by counsel, the court entered an order vacating its order dated August 11, 1976 and prior orders to the extent that they dealt with visitation rights, and directing the child support would remain in the amount of $50.00 per child per month and that accumulated

child support payments should be delivered over to appellant.

Thereafter, appellee failed to make child support payments for the period from June 1, 1977 until August 15, 1977. Appellant on September 8, 1977 filed a motion to cite appellee for contempt for such failure. Appellee filed a response contending that the reciprocal support order dated March 24, 1976 relieved appellee of child support for payments for the two and a half month period set out in said order for appellee's visitation with the children.

The court entered an order dated November 11, 1978 reciting there was a misunderstanding as to the prior orders of the court dated March 24, 1976, August 11, 1976, and June 29, 1977 as to whether the appellee is relieved of child support payments for the months of June, July and one-half of August of each year. The order recited "the court for the purpose of clarification of the above-mentioned orders . . . does direct that its said previous orders do not require the payments of child support by the defendant for the months of June, July and one-half of the month of August of each year". On appeal from that order, appellee contends the trial court under the Uniform Reciprocal Support Act, Ark. Stat. Ann. §34-2401, *et seq.* (Repl. 1962) was without jurisdiction to reduce or withhold child support conditioned on visitation rights.

In *Kline* v. *Kline,* 260 Ark. 550, 542 S.W.2d 499 (1976), the court held participation in any proceeding under the Uniform Reciprocal Enforcement of Support Act does not confer jurisdiction over any of the parties thereto with reference to parental visitation rights, and that such rights and their enforcement are to be addressed to the court where the parent having custody and the children continue to reside. The court, therefore, properly vacated the portions of all orders establishing visitation rights of the appellee, as such matters were outside of the scope of the jurisdiction of the court under the Act.

The appeal from the order dated November 11, 1978, being from the Chancery Court, is reviewed de novo in this court. The record discloses no change in circumstances warranting a reduction in the amount of child support under

the very conservative award of $50.00 monthly per child as fixed by the order dated August 11, 1976. None of the orders prior to the order of November 11, 1978 specified that appellee would be unconditionally relieved of support payments from June 1 through August 15 each year. On the contrary, the only prior order that dealt directly with the point, the order of March 24, 1976, recited "respondent is to be relieved of child support payments for such extended visitation periods in the months when and if exercised". The order dated November 11, 1978 giving rise to this appeal would have the effect of deleting the provisions in the prior court order specifically providing that appellee would be relieved of support payments during summer visitation periods if the visitation was actually exercised. We hold there is no pleading and evidentiary basis for such a change departing from the provisions contained in the prior court orders.

The arranging of child support on a basis avoiding payments during visitation periods not arranged by agreement of the parties or by the order of the court of the state having jurisdiction over visitation rights is improper. The chancellor's action violated the spirit if not the letter of *Kline v. Kline, supra,* but regardless of that holding, we could not affirm.

All prior orders of the court in this cause had been entered far longer than ninety days prior to November 11, 1978, and were not subject to modification or vacation except in accordance with Ark. Stat. Ann. §29-506. Ark. Stat. Ann. §22-406.4 clothes the chancery court with plenary power over its judgments for a period of only ninety days after entry. The record does not reflect the establishment of any of the grounds set out in §25-506 for modifying the prior final orders of the court, and there was no compliance with Ark. Stat. Ann. §29-508 which prescribes the required procedure for modifying or vacating a final judgment. The order of November 11, 1978 was a modification of prior final orders rather than a clarification or clerical correction.

The case is reversed and remanded with directions to enter a decree in conformity with this opinion and for determination and enforcement of appellee's arrears in child sup-

port obligations. The decree will award appellant a $300.00 attorney fee to be paid by appellee for legal services in this appeal.