20

John O. LeGUIN, Sr. *v.* Kenneth
& Cheryl CASWELL

82-113                                        638 S.W.2d 674

Supreme Court of Arkansas
Opinion delivered September 13, 1982

*Mark L. Ross* of *Ross & Ross, P.A.,* for appellant.

*Virginia R. Williams,* Rule XII Law Student, and *James R. Cromwell,* UALR Law School Legal Clinic, for appellee.

DARRELL HICKMAN, Justice. The only issue in this case is whether the chancellor was wrong in deciding that he did not have jurisdiction in this interstate custody dispute. The chancellor found that the Uniform Child Custody Jurisdiction Act, Ark. Stat. Ann. § 34-2701, *et seq.* (Cum. Supp. 1981), did not require the Chancery Court of Pulaski County to exercise jurisdiction since the only basis would have been that the father of the children, John O. LeGuin, had become a resident of Arkansas. We affirm the chancellor.

There was no testimony taken and there are no relevant facts in dispute. The chancellor dismissed the complaint on the basis of the pleadings. John O. LeGuin brought this

action in an attempt to have an Arkansas court determine that he was entitled to custody of his children. John O. LeGuin and Katherine Jean LeGuin were married in 1973 in Scranton, Pennsylvania. They had three children and John adopted a child that Katherine had before their marriage. In 1978, Katherine LeGuin took all the children, left Louisiana where they were living, and her husband. She filed an action in New York to have custody of the children placed with her cousin, Cheryl Caswell, a resident of Oklahoma. A family court in New York entered an order granting custody to the cousin but it was done without notice to John O. LeGuin. The mother died of leukemia in April of 1981, and Cheryl Caswell took the children to Oklahoma that month where they remained with her and her husband.

In August of 1981, John O. LeGuin filed a motion in Pulaski County Chancery Court requesting the court to take jurisdiction of the matter and award him custody. The court found that the Uniform Child Custody Jurisdiction Act was applicable and, according to it and the provisions which determine jurisdiction in various courts, Arkansas lacked jurisdiction in this matter. The chancellor noted that in his judgment Oklahoma would be the best forum to try this interstate custody dispute, and he observed that the New York decree was not necessarily entitled to full/faith and credit but did extend "color of title" to the Caswells.

The purpose of the Uniform Child Custody Jurisdiction Act is to promote cooperation between the courts of various states so the state that can best serve the interests of the child will decide the matter. It is designed to discourage continuing controversies and avoid competition and conflict between the courts of the various states. Ark. Stat. Ann. § 34-2701. The Act recites several circumstances that allow Arkansas to decide such child custody cases; for example, if Arkansas is the "home state" of the child within six months before the action was commenced, Arkansas would have jurisdiction. None of the circumstances as set forth in Ark. Stat. Ann. § 34-2703 exist in this case that require Arkansas to take jurisdiction.[1] It is undisputed that the LeGuin children have never been to Arkansas.

---

[1]34-2703. Jurisdiction. (a) A court of this State which is competent to

The chancellor correctly found that since the only contact with Arkansas is that the father has moved here, Arkansas did not have jurisdiction in this matter. It is irrelevant to us whether Louisiana, New York, Pennsylvania or Oklahoma would be the best forum. The question is whether Arkansas had to take jurisdiction, and it did not.

Affirmed.

PURTLE, J., not participating.

---

decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this State is the home state of the child at the time of commencement of the proceeding, or has been the child's home state within six (6) months before commencement of the proceeding . . .

(2) it is in the best interest of the child that a court of this State assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) the child is physically present in this State and the child has been abandoned or it is necessary in an emergency to protect the child . . .

(4) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

(b) except under paragraphs (3) and (4) of subsection (a), physical presence in this State of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.