Lynn K. HOGAN (DURGAN) *v.* Kanat DURGAN

CA 83-158                              668 S.W.2d 57

Court of Appeals of Arkansas
Division I
Opinion delivered May 2, 1984

*Riddell, Williams, Bullit & Walkinshaw;* and *Davidson, Horne, Hollingsworth, Arnold & Grobmyer, A Professional Association,* for appellant.

*Michael Redden,* for appellee.

MELVIN MAYFIELD, Chief Judge. Pursuant to the Uniform Enforcement of Foreign Judgments Act, Ark. Stat. Ann. §§ 29-801—29-818 (Repl. 1979), the appellant filed an amended petition in Pulaski Chancery Court to register a foreign judgment against her ex-husband, appellee herein, who was residing in Little Rock and teaching at the University of Arkansas at Little Rock. The judgment was

rendered by an Alabama court on March 4, 1980, and provided for child support arrearages, expenses, and attorney's fees. The Arkansas court registered the judgment, but modified the child support payments and visitation rights provided therein. Appellant appeals only the modification of visitation rights.

The parties were divorced in Alabama in 1979. Appellant was awarded custody of their minor daughter with appellee receiving usual visitation rights. In late 1979, in violation of a court order that denied him permission, the appellee took the fifteen-month-old child to Turkey and the West Bank of the Jordan River. About two months later, the appellant secured the child's return and, thereafter, obtained a judgment in Alabama against appellee for arrearages in child support and for the money she had expended in locating her daughter and regaining her custody. The judgment also modified the original decree by denying appellee any visitation rights except those which appellant determined to be in the best interests of the child. This is the judgment of March 4, 1980, which is involved in this appeal.

After the divorce, appellant moved to the State of Washington, her original home, and is still living there. She has registered the Alabama judgment in Washington and the Washington court also granted her a cost-of-living increase in child support. Upon learning that appellee was teaching in Little Rock, appellant first petitioned to register the Washington judgment here and then amended her petition to include the Alabama judgment. Appellee contended that the Washington judgment was void for lack of proper service and also asked for affirmative relief in the form of a reduction in child support and for the allowance of visitation rights. The chancellor refused to grant full faith and credit to the Washington judgment, holding that it was not based upon proper service, but did register the Alabama judgment. He assumed jurisdiction, however, over all matters covered by the Alabama decree and granted appellee certain visitation rights on the condition that appellee surrender his passport to the court and not regain it without a specific court order.

It is the appellant's contention that under the Uniform Child Custody Jurisdiction Act (UCCJA), Ark. Stat. Ann. §§ 34-2701—34-2726 (Supp. 1983), the chancellor erred in assuming jurisdiction to grant appellee's motion to modify visitation. We agree.

Some of the general purposes of the UCCJA, as set out in section 34-2701, are to avoid jurisdictional competition and conflict with courts of other states in matters of child custody; to assure that litigation concerning custody will ordinarily take place in the state where the child and his family have the closest connection; and to avoid relitigation of custody decisions of other states. The Act sets up certain criteria which must be met before a court can assume jurisdiction to make a determination about the custody of a child. The definition of "custody determination" includes visitation rights, Ark. Stat. Ann. § 34-2702(2) (Supp. 1983), and under § 34-2703(a) (Supp. 1983), an Arkansas court would not have jurisdiction over visitation rights unless:

> (1)  this State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding . . . or
>
> (2)  it is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
>
> (3)  the child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
>
> (4)  (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another

state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

Applying these requirements to the facts of the instant case, we find that the home state of the child was Washington. She was not physically present in Arkansas and never had been. Except for the period when her father had her in Turkey, the child has lived with her mother since November 1, 1979, in Seattle, Washington. Neither the child nor her mother has any significant connection with Arkansas. The sole reason for appellant's petition to register the foreign judgment in Arkansas was that the appellee was living and working here and it was necessary to register the judgment before appellant could attempt to collect it by execution or garnishment. There is nothing in the record to indicate or suggest that it was in the child's best interest for the trial court to assume jurisdiction to modify the visitation order made by the Alabama court — an order which both Arkansas and Washington agree is entitled to full faith and credit. Here, as in *LeGuin* v. *Caswell*, 277 Ark. 20, 638 S.W.2d 674 (1982), the only connection Arkansas has with the case is "that the father has moved here," and we find, as that court found, "Arkansas did not have jurisdiction in this matter." *See also Biggers* v. *Biggers*, 11 Ark. App. 62, 666 S.W.2d 714 (1984).

Appellee argues, however, that this issue was raised for the first time on appeal. In the first place, it is clear that jurisdictional issues may be raised at any time, even on appeal. *Head* v. *Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982); *Hilburn* v. *First State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976); and *Hervey* v. *The Farms, Inc.*, 252 Ark. 881, 481 S.W.2d 348 (1972). In the second place, we do not agree that the issue is raised here for the first time. The record contains memorandum briefs filed in the trial court by both parties, and appellant's brief specifically argued that custody and visitation rights were matters that should continue to be exercised in the Washington courts.

The appellee cites *Holley* v. *Holley*, 264 Ark. 35, 568 S.W.2d 487 (1978), as authority for the proposition that once jurisdiction has attached, the trial court may settle all the rights of the parties as long as jurisdiction of the subject matter is not wholly beyond the power of the court. Appellee overlooks the fact that *Holley* was decided before Arkansas adopted the UCCJA by enacting Act 91 of 1979. Section 27 of that Act provides that "All laws and parts of laws in conflict with this Act are hereby repealed." The appellant properly filed her petition under the Registration of Foreign Judgments Act, but the UCCJA prevented the court, under the circumstances in this case, from assuming jurisdiction to change the custody or visitation rights provided in the judgment registered. To hold otherwise, as appellant states it, "undermines the very purposes for which the UCCJA was enacted — to avoid jurisdictional conflicts, promote co-operation between courts of different states, and allow visitation decisions to be made by the state with the closest connection to the child." The order appealed from is reversed as to the modification of visitation rights and the visitation arrangement as specified in the March 4, 1980, order of the Mobile County Alabama Circuit Court is reinstated.

Reversed.

CRACRAFT and CLONINGER, JJ., agree.