Evelyn N. DOODY *v.* Curtis Henry SANDERS

CA 85-423 709 S.W.2d 823

Court of Appeals of Arkansas
Division II
Opinion delivered May 28, 1986

*Richard B. Dahlgren*, for appellant.

*William Clay Brazil*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Evelyn Doody appeals from an order entered in the Chancery Court of Faulkner County in a proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA). She contends that the chancellor erred in making disbursement to her of child support payments made pursuant to the act contingent upon her appearance before that court or compliance with visitation ordered by that court in the URESA action. We agree and reverse and remand.

The parties were divorced in 1978 in Oklahoma. Appellant was awarded custody of the parties' minor child and subsequently moved to California. Appellee moved to Faulkner County,

Arkansas, where this action under URESA was brought in 1982. On July 20, 1983, appellee was ordered to pay $150.00 per month for support, but the chancellor also awarded appellee visitation rights and specified that:

> If the mother [appellant] of said child arbitrarily refuses or does not allow the visitation as contained herein, the support payments are to continue, but are to be held in escrow by the clerk of this court, upon notice and orders of this court, and are to be held for further orders of this court.

An amended order was entered September 30, 1983, reaffirming the support obligation and visitation provisions of the previous order and, in addition, specifying that support payments would cease during a specified summer visitation period.

Appellant petitioned on May 29, 1984, to set the order aside and requested a determination of child support arrearages. Appellee responded with a petition to escrow support or to terminate support. On August 21, 1985, the court entered an order affirming the obligation of support and confirming the previous visitation order. The court left intact the provision that support payments would be escrowed and specified that the clerk of the court "shall not disburse those sums until plaintiff allows defendant visitation or appears in this court to defend against the issue." The order also recited "[t]hat plaintiff asserts that the court is without jurisdiction as to visitation and the court finds such assertion without merit." We do not agree.

 Ark. Stat. Ann. Section 34-2432 (Supp. 1985) states that "[p]articipation in any proceeding under this Act [Sections 34-2401—34-2442] does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding." In *Scinta* v. *Markward*, 266 Ark. 976, 588 S.W.2d 456 (Ark. App. 1979), we stated:

> In *Kline* v. *Kline*, 260 Ark. 550, 542 S.W.2d 499 (1976), the court held participation in any proceeding under the Uniform Reciprocal Enforcement of Support Act does not confer jurisdiction over any of the parties thereto with reference to parental visitation rights, and that such rights and their enforcement are to be addressed to the court where the parent having custody and the

children continue to reside.

*Id.* at 978. In *Kline*, we agreed with the appellant that ". . . the Arkansas trial court had no jurisdiction to adjudicate the visitation rights of the parties in a proceeding under the URESA and, therefore, it was error to make the child support payments contingent upon visitation rights." *Kline*, at 551. The situation at bar is functionally identical.

■ While the original orders which purported to adjudicate visitation and set conditions upon disbursement of child support payments made to the registry of the court were not appealed, it is settled that jurisdiction is always subject to question. *Hogan* v. *Durgan*, 11 Ark. App. 172, 668 S.W.2d 57 (1984). Here, there was no jurisdiction in the chancery court to adjudicate visitation rights or condition disbursement of support thereon. It is clear under the *Scinta* and *Kline* decisions that participation in any URESA proceeding does not confer jurisdiction on the court to determine or enforce visitation rights. What *Kline* and *Scinta* prohibit a court from doing directly a court may not do indirectly where, as here, it makes disbursement of the support obligation it is enforcing contingent upon an exercise of visitation rights or appearance before the court for adjudication of those rights. The adjudication of matters affecting visitation rights within the context of a URESA action is prohibited by both statute and court decisions. Ark. Stat. Ann. Section 34-2432 (Supp. 1985); *Scinta, supra*; *Kline, supra.* The decision of the chancellor is therefore reversed.

Reversed and remanded.

CORBIN and GLAZE, JJ., agree.