ARKANSAS DEPARTMENT OF HUMAN SERVICES,
Child Support Enforcement Unit *v.* Richard Allen
CAMERON

CA 90-425                                        818 S.W.2d 591

Court of Appeals of Arkansas
Division I
Opinion delivered November 13, 1991

Department of Human Services, by: *Candace Landers* and *Don H. Ross*, for appellant.

*Kenneth E. Suggs*, for appellee.

JUDITH ROGERS, Judge. This appeal comes from an order of the Chicot County Chancery Court which dismissed appellant's petition seeking a judgment for arrearages in child support on a finding that the custodial parent, Kathy Elaine Sims, was estopped from collecting the arrearages. On appeal, the Child Support Enforcement Unit of the Arkansas Department of Human Services argues that the court erred in invoking the doctrine of equitable estoppel because it had not been affirma-

tively pled, and that the evidence did not support application of the doctrine. We disagree and affirm.

The record discloses that Kay Sims and appellee, Richard Cameron, were married on February 7, 1975. They were divorced by a decree of the Chicot County Chancery Court on January 13, 1977. The decree awarded custody of Ashley Cameron, then one year old, to Sims, and provided for appellee to pay child support in the amount of $28 per week when Sims was working and $44 per week when she was not. Appellee was to have visitation rights at all reasonable times.

On October 24, 1980, appellee gave his consent for George Payne Oakman, Jr., Sims' husband at the time, to adopt Ashley by signing a Consent to Adoption. At about the same time, appellee paid accrued arrearages of child support in the amount of approximately $4,500.

On September 12, 1989, a URESA petition was filed in the Chicot County Chancery Court on behalf of Sims and the State of Georgia. Among other things, the petition asked for judgment for arrearages of child support in the amount of $15,888, and for appellee to be held in contempt for failure to pay child support. The record does not contain a responsive pleading filed by the appellee. At trial, appellee testified that he quit paying child support when he signed the adoption papers because he believed that act had the effect of terminating his parental rights and obligations. He also testified that he has not exercised any visitation with his daughter since that time, and has seen her only three times when she visited his parents in Arkansas. The Consent to Adoption, signed by appellee on October 24, 1980, was entered into evidence.

The trial judge found that Sims was "estopped because of her actions into leading this man into thinking there was or was going to be an adoption . . . from collecting the arrearages and support." Accordingly, that portion of the petition was dismissed. The court did, however, order appellee to pay child support at the rate of $250 per month beginning January 15, 1990.

■■ Appellant first argues that appellee did not affirmatively plead the defense of equitable estoppel and, therefore, it was improper for the court to apply it. We disagree. As a general

rule, estoppel must be affirmatively pled. *Beeson v. Beeson*, 11 Ark. App. 79, 667 S.W.2d 368 (1984). However, our supreme court has held that this rule disappears when facts regarding estoppel are admitted in evidence or become an issue in the case without objection. *Howard Building Centre v. Thornton*, 282 Ark. 1, 665 S.W.2d 870 (1984); *Aclin v. Carpenter*, 229 Ark. 718, 318 S.W.2d 141 (1958). In the case at bar, evidence was admitted regarding appellee's act of signing the Consent to Adoption, as well as the ramifications he perceived from this act, without objection. In these circumstances, we believe the issue of estoppel was before the court.

■■ Next, appellant argues that the evidence does not support a finding of estoppel, and that the court erred in remitting the accrued arrearages. The principle of equitable estoppel is that a party who by his act or failure to act when he should, either designedly or with willful disregard of the interests of others, induces or misleads another to change his position to his detriment is estopped to assert his right afterwards. *Howard Building Centre v. Thornton*, 282 Ark. at 3, 665 S.W.2d at 871. We have stated the elements of estoppel as:

> (1) the party to be estopped must know the facts; and (2) he must intend that his conduct shall be acted on or must so act that the party asserting estoppel has a right to believe the other party so intended; and (3) the party asserting estoppel must be ignorant of the facts; and, (4) the party asserting estoppel must rely on the other's conduct to his detriment.

*Moore v. Moore*, 21 Ark. App. 165, 176, 731 S.W.2d 215, 221 (1987).

■ In *Roark v. Roark*, 34 Ark. App. 250, 809 S.W.2d 822 (1991), we recognized that, in order to comply with federal regulations, Arkansas has enacted statutes which provide that any decree, judgment, or order which has a provision for payment of child support shall be a final judgment as to any installment or payment which has accrued, and that the court may not set aside, alter, or modify any decree, judgment or other which has accrued unpaid support prior to the filing of the motion. *See*, Ark. Code Ann. §§ 9-14-234, 9-12-314 (Repl. 1991). We then stated:

[w]hile it appears that there is no exception to the prohibition against remittance of unpaid child support, the commentary to the federal regulations which mandated our resulting state statutes, makes it clear that there are circumstances under which a court might decline to permit the enforcement of a child support judgment.

*Roark* v. *Roark*, 34 Ark. App. at 252-53, 809 S.W.2d at 824. That commentary refers to the defense of equitable estoppel as an example of a circumstance under which enforcement of a child support judgment may not be permitted. 54 Fed. Reg. 15,761 (April 19, 1989).

■■ Although we review chancery cases *de novo*, we do not disturb the chancellor's findings unless they are clearly against the preponderance of the evidence. *Roark* v. *Roark*, 34 Ark. App. at 252, 809 S.W.2d at 824 (1991). Appellee testified that Sims contacted him concerning the adoption and wanted him to sign the consent. He said it was his understanding that when he signed he did away with his legal rights and his obligation to pay child support, and because of this belief, he no longer sought to exercise his visitation rights. We believe these circumstances are sufficient to establish the elements of estoppel, and we cannot say that the chancellor's finding is clearly erroneous.

Affirmed.

COOPER, and JENNINGS, JJ., agree.