STATE of Arkansas *v.* Ernest C. KERFOOT

91-226                                   823 S.W.2d 895

Supreme Court of Arkansas
Opinion delivered February 10, 1992

*Mark Woodville*, for appellant.

*Eddy R. Easley*, for appellee.

TOM GLAZE, Justice. This case involves the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). Ernest and Nora Kerfoot obtained a divorce in Oklahoma in 1981, and Nora was awarded custody of their two children. Ernest Kerfoot, appellee, was ordered to pay child support in the amount of $400.00 per month, which amount was reduced to $250.00 per month in 1982. Appellee moved to and now resides in Arkansas, and Nora changed her residence to Texas, where she became a recipient of Aid to Families with Dependent Children. Under RURESA, specifically Ark. Code Ann. § 9-14-308 and -314 (1987), the State of Texas initiated this action requesting the responding court in Arkansas to reimburse Texas for the child support arrearages it has paid, to adjudicate support arrearages

and enforce current support under the Oklahoma decree and to require appellee to maintain medical health insurance on the children.

During the hearing on the Texas petition, the chancellor ruled the appellee was not precluded from asserting certain affirmative defenses to the petition seeking reimbursement and payment of the child support arrearages. In this respect, the chancellor allowed appellee to testify that Nora told him that her new husband had adopted appellee's children and appellee believed he was no longer liable for child support. Appellee further said that Nora refused him visitation with his children, and he also related the oldest child had lived with him since August 1990. In view of appellee's testimony, the chancellor found that Nora had unclean hands and therefore she and Texas were estopped to claim only arrearages. Accordingly, he denied Texas's RURESA petition.[1] On appeal, the sole issue is whether the chancellor erred in allowing appellee to assert the affirmative defenses he presented at the RURESA hearing.

This court has recognized that the purpose of RURESA, Ark. Code Ann. §§ 9-14-301 to 9-14-344 (1987), is to facilitate the enforcement of support orders rendered in other states by way of an ex parte proceeding whereby a duly rendered valid support decree is prima facie evidence of the obligor's duty. *Kline* v. *Kline*, 260 Ark. 550, 542 S.W.2d 499 (1976). In *Kline*, we reversed the trial court's ordering, in a RURESA action, child support payments contingent upon the father's being allowed visitation with his children. Later, in *Iowa* v. *Reynolds*, 291 Ark. 488, 725 S.W.2d 847 (1987), we clearly ruled that an obligor cannot raise an affirmative defense to contest his or her liability to pay accrued child support because such a defense is a collateral matter not to be considered in a RURESA proceeding.

In holding that collateral matters such as visitation cannot be raised as a defense in a RURESA proceeding, Arkansas is among the majority of states. *Todd* v. *Pochop*, 365 N.W.2d 559 (1985); *see also* J. Atkinson, *Modern Child Custody Practice,*

---

[1] The chancellor did order the appellee to pay future child support pursuant to the Oklahoma divorce decree in the amount of $250 per month for his daughter, who still lives with her mother.

§ 10.42 (1986). The policy supporting this rule is best stated by the South Dakota Supreme Court in the *Todd* decision as follows:

> The very purpose of the URESA requires that it be procedurally and substantively streamlined. Interstate enforcement of support obligations will be impaired if matters of custody, visitation, or custodial parent's contempt are considered by the responding court. The introduction of such collateral issues will burden the URESA mechanism. Moreover, permitting the resolution of other family matters in a URESA proceeding may deter persons from invoking the URESA.

Of course, the appellee must have a forum for the parties to argue about violations of visitation rights, but that forum should be where the parties obtained their divorce or, as stated in *Scinta* v. *Markward*, 266 Ark. 976, 588 S.W.2d 456 (1979), where the custodial parent and the children reside. In any event, such defenses are not cognizable in a URESA proceeding.

█ In sum, the appellee is unable to assert the defenses he has raised in this RURESA proceeding, and the chancellor erred in relying on those defenses when dismissing Texas's petition. Thus, we reverse and remand with directions to reinstate the petition and to consider it on its merits.