STATE of Arkansas, Jefferson County Child
Support Enforcement Unit for: Lisa Gaye
Finley *v.* Bruce ROBINSON

91-334                                    842 S.W.2d 47

Supreme Court of Arkansas
Opinion delivered November 23, 1992

134

*Lisa A. Kelly*, for appellant.

*Winfred Trafford*, for appellee.

ROBERT H. DUDLEY, Justice. This case began in 1989 when an unwed mother, then living in Humbolt County, California, sought assistance in obtaining child support from the father who lived in Jefferson County, Arkansas. The Family Support Division of the District Attorney's Office in Humbolt County filed a complaint on behalf of the mother and child pursuant to the Revised Uniform Reciprocal Enforcement of Support Act. The Superior Court of Humbolt County, the initiating court, determined that the unwed mother was in need of support and certified a complaint to the County Court of Jefferson County. *See* Ark. Code Ann. § 9-14-314 (1991). Paternity cases in this State have been transferred by statute from county court to chancery court; thus, the case was filed in the Chancery Court of Jefferson County. The chancellor made a finding of paternity, ordered the father to pay child support, and placed custody of the child in the mother subject to the father's right of visitation. There was no direct appeal at that time from the part of the decree involving the award of custody or visitation. Subsequently, the father filed a petition in which he alleged that he had been denied visitation, and asked that child support payments be suspended until he was allowed to visit the child. The chancellor eventually ordered that future support payments be suspended until the mother allowed the father to visit with the child. The Jefferson County Child Support Enforcement Unit, on behalf of the mother and child, appeals and argues that the receiving court, the Chancery Court of Jefferson County, did not have jurisdiction to adjudicate visitation rights, and, therefore, erred in suspending the child support payments. The argument is meritorious, and accordingly, we reverse and remand.

The purposes served by RURESA are similar to those

of the Uniform Child Custody Jurisdiction Act, or UCCJA, two of which are to avoid jurisdictional competition and conflicts, and avoid the litigation of custody decisions. *See Hogan* v. *Durgan*, 11 Ark. App. 172, 668 S.W.2d 57 (1984). RURESA did not give the Jefferson County Chancery Court jurisdiction to address the issue of visitation. Under RURESA collateral matters such as visitation cannot be raised as a defense. In *State* v. *Kerfoot*, 308 Ark. 289, 291, 823 S.W.2d 895, 896 (1992), we quoted with approval from *Todd* v. *Pochop*, 365 N.W.2d 559 (S.D. 1985) as follows:

> The very purpose of the URESA requires that it be procedurally and substantively streamlined. Interstate enforcement of support obligations will be impaired if matters of custody, visitation, or custodial parent's contempt are considered by the responding court. The introduction of such collateral issues will burden the URESA mechanism. Moreover, permitting the resolution of other family matters in a URESA proceeding may deter persons from invoking URESA.

The father responds that the Jefferson County Chancery Court did not grant visitation, instead it only suspended support payments until visitation was allowed. The argument is not well taken. Generally, a court may not do indirectly that which it is directly prohibited from doing. *Shackleford* v. *Shackleford*, 194 Ark. 381, 107 S.W.2d 344 (1937). Under RURESA the Arkansas court could not directly determine visitation. Therefore, it could not indirectly determine visitation by making payment of child support dependent upon visitation. *See Doody* v. *Sanders*, 18 Ark. App. 38, 709 S.W.2d 823 (1986).

In addition, the Jefferson County Chancery Court had personal jurisdiction over the father only. It never had personal jurisdiction over either the mother or the child, and, since there was neither a marriage nor a divorce, it did not have jurisdiction over the marital *res*. A section of RURESA, Ark. Code Ann. § 9-14-332 (1991), provides, "Participation in any proceeding under [RURESA] does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding." The general rule in a RURESA proceeding is that support and visitation orders are not interdependent. *Muller* v. *Muller*, 515 A.

2d 1291 (N.J. Sup. Ct. 1986). Accordingly, we hold that the Chancery Court of Jefferson County erred in indirectly address-ing the issue of visitation. While the original order of the Jefferson County Chancery Court purporting to award custody and visita-tion was not appealed, it is settled that jurisdiction is always subject to question.

Two court of appeals cases, *Roark* v. *Roark*, 34 Ark. App. 250, 809 S.W.2d 822 (1991) and *Arkansas Department of Human Services* v. *Cameron*, 36 Ark. App. 105, 818 S.W.2d 591 (1991), may be read to conflict with the holding of this opinion. To prevent any possible confusion, we note that the federal regulation quoted in those cases, 54 Fed. Reg. 15,761 (April 19, 1989), is not related to visitation or custody defenses, and to the limited extent that there may be some conflict, they are overruled.

Reversed and remanded for entry of orders consistent with this opinion.