Lisa MARTIN *v.* Ronald MARTIN

CA 02-264                                    87 S.W.3d 817

Court of Appeals of Arkansas
Division III
Opinion delivered October 30, 2002

*Gibson & Hashem, P.L.C.*, by: *C.C. Gibson, III*, for appellant.

*Law Offices of Sara M. Hartness*, by: *Sara M. Sawyer-Hartness*, for appellee.

JOHN B. ROBBINS, Judge. The question presented by this appeal is whether the trial judge erred in reducing appellee's child-support payments in the absence of a motion for modification. We hold that error occurred, and therefore reverse and remand the case.

Appellant and appellee were divorced on July 12, 1999. Appellant was awarded custody of the couple's two children, and appellee was ordered to pay $640 per month in child support. In May of 2001, the couple's older child, who was sixteen years old, began living with appellee. As a result, appellee stopped making child-support payments to appellant, despite the fact that one child remained in appellant's custody. On October 19, 2001,

appellant filed a petition for contempt, alleging that appellee had failed to pay child support as ordered. Appellee answered that he had been providing exclusive support for the older child since May of 2001. However, he did not file a motion to modify child support. A hearing was held on appellant's contempt motion in December 2001. The trial judge acknowledged that appellee had not filed a motion to modify child support, and he strongly indicated that he would not rule on that issue. Nevertheless, the judge issued an order following the hearing in which he reduced appellee's payments from $640 to $267 per month. This reduction applied to appellee's June to December 2001 payments (his last payment had been in May) and to the support that would become payable beginning in January 2002.[1] Appellant appeals from that ruling.

■ We have recognized that a trial court abuses its discretion if it modifies child support for the time period before the filing of a petition for modification. *See Brown v. Brown,* 76 Ark. App. 494, 68 S.W.3d 316 (2002); *Yell v. Yell,* 56 Ark. App. 176, 939 S.W.2d 860 (1997). In those cases, the party seeking modification had filed a petition, and the question was simply whether the court could reduce or increase support earlier than the date the petition was filed. By contrast, the case before us involves an unusual situation in which no petition for modification was filed at any point during the proceedings. Therefore, we must determine whether the trial court had the authority to reduce the child-support award for any period of time in the absence of a petition for modification.

■ Arkansas Code Annotated sections 9-14-234(b) and (c) (Repl. 2002) read as follows:

> (b) Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court. . .shall be final judgment subject to writ of garnishment or execution as to any

---

[1] The amount of $267 was calculated by reference to the family support chart, based on each party having custody of one child and owing support to the other (appellee owing $445 per month based on his income and appellant owing $178 per month based on her income, the difference being $267 owed to appellant).

installment or payment of money which has accrued *until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.*

(c) *The court may not set aside, alter, or modify any decree, judgment, or order which has accrued unpaid support prior to the filing of the motion.* However, the court may offset against future support to be paid those amounts accruing during time periods other than reasonable visitation in which the non-custodial parent had physical custody of the child with the knowledge and consent of the custodial parent.

(Emphasis added.) We interpret the italicized portions of subsections (b) and (c) to mean that an existing child-support order is a final order and is not subject to modification until a motion for modification is filed. It follows that, if no motion is filed, the existing judgment remains intact until such time as a proper motion is filed.

■ As of the time the trial court's order was entered in this case, no motion for modification had been filed by appellee. Therefore, the trial court's modification of the existing support order violated section 9-14-234. This is true both as to the support that had accrued at the time of the hearing and to the support that appellee would pay in the future, following the hearing. Although sections 9-14-234(b) and (c) are part of a set of laws enacted to insure that child-support orders are not subject to *retroactive* modification, *see Grable v. Grable*, 307 Ark. 410, 821 S.W.2d 16 (1991), we believe the term "retroactive" refers to the period before a motion is filed. Thus, in situations like the one before us, where no motion has been filed, the existing support order still stands.

■ Appellee makes several arguments against the application of section 9-14-234. First, he claims that appellant's argument is procedurally barred because she did not object to the trial court's ruling. However, appellant was not required to object to the court's findings, conclusions, and decree to obtain review on appeal. *See Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d 310 (2000). Appellee also argues that he effectively filed a petition for modification by pleading that one of his children had been in his custody

since May of 2001. However, this contention was made as a defense to appellant's contempt petition, not as a basis for seeking the affirmative relief of a reduction in child support. Appellee further claims that he effectively sought a reduction in support payments by requesting "all other relief to which he may be entitled" in his response to appellant's contempt petition. While a general prayer for relief may allow a chancellor to grant any relief that is justified by the proof, even if that relief has not been requested, *see Smith v. Eastgate Props., Inc.*, 312 Ark. 355, 849 S.W.2d 504 (1993), that rule is not applicable here because section 9-14-234(b) requires the filing of a "proper motion" as a prerequisite to modification of support. That statutory requirement would be thwarted if a party could convert any pleading into a motion to modify support simply by including a general prayer for relief.

Next, appellee argues that the issue of modification was tried by the express or implied consent of the parties. Rule 15(b) of the Arkansas Rules of Civil Procedure provides that, when issues not raised by the parties are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

■ Leaving aside the question of whether Rule 15(b) would apply in a situation where a statute expressly requires a pleading to be filed, we hold that the issue was not tried by the consent of the parties in this case. During opening remarks at the December 2001 hearing, appellant's counsel informed the trial court that "there has been no motion filed for a reduction of support on behalf of [appellee], or to modify that in any way" and that "I just wanted the Court to be aware there is no pleading asking for reduction in support." Further, the trial judge stated in response to appellant's objection to testimony regarding her income, that he wondered why a continuance had not been requested "so everybody could get the proper pleadings filed." The court then stated:

> My problem is we're here today on contempt. We're not here today on any kind of modification of support or her paying support. On the other hand, he's entitled to some consideration because the child has been with him seven months but the proper pleadings are not filed to ask for it. The Court is not going to get

into this testimony and the objection is sustained. That'll come another day.

These statements show not only that appellant did not consent to trying the modification issue, but that she specifically informed the court that the issue was not under consideration at the hearing. Further, given the court's remarks, appellant had every reason to believe that modification of support would not be addressed.

Appellee points to a colloquy near the end of the hearing in which appellant was being cross-examined about the propriety of her continuing to receive $640 per month when only one of the two children had been in her custody since May. In the midst of her counsel's relevancy objection, appellant stated, "Maybe some should be cut off, or whatever the judge decides is fine, but — ." Appellant's response did not necessarily imply a consent to try the support modification issue at this particular hearing, especially in light of the fact that her counsel objected to the question and had made it clear to the judge that no petition for modification had been filed.

Appellee also urges us to apply a judicially-crafted exception to the section 9-14-234 requirement that a motion for modification be filed. Although his argument is not well-developed in his brief and was not pled below, it is apparent by the cases he cites that appellee is referring to the "equitable estoppel" exception. We have held that a court may decline to enforce an existing child-support order if it is determined that the custodial parent should be equitably estopped from seeking enforcement of the order. However, the equitable estoppel exception has been applied only when the custodial parent took some action that would have led the payor to believe that support payments were no longer expected or required. See *Barnes v. Morrow*, 73 Ark. App. 312, 43 S.W.3d 183 (2001) (holding that a custodial parent who dropped a child off to live with child's sister gave payor a right to believe he could make support payments to child's sister or direct to child when child began living with him); *Ramsey v. Ramsey*, 43 Ark. App. 91, 861 S.W.2d 313 (1993) (holding that where parties, after divorce, continued to live under the same roof for seven years as a family and custodial parent did not seek arrear-

age until after they separated, she was equitably estopped to enforce support order to collect arrearage); *Arkansas Dep't of Human Servs. v. Cameron*, 36 Ark. App. 105, 818 S.W.2d 591 (1991) (holding that elements of estoppel were established where custodial parent procured payor's consent to adoption of child, then later sought support arrearage); *Roark v. Roark*, 34 Ark. App. 250, 809 S.W.2d 822 (1991) (holding estoppel existed where custodial parent disregarded the divorce decree, interfered with payor's visitation, and refused to acknowledge payor as a parent).[2] There is no evidence in this case that appellant took any action that would have led appellee to believe that she did not expect a continuation of child-support payments. Therefore, the estoppel exception is not applicable here.

Finally, we address appellee's argument that appellant was not prejudiced by the trial court's support award. We disagree. Appellant was entitled to rely on the existing support order until she was notified, by the filing of a proper motion, that appellee sought to modify it. Further, the focus of section 9-14-234 is not only on the notice that must be given to the custodial parent but on preserving the finality of the existing support order. Thus, inquiry into whether appellant was prejudiced is of limited importance.

In light of the foregoing, we reverse and remand this case for further proceedings consistent with this opinion. We take this opportunity to point out that section 9-14-234(c) envisions a situation in which child support may require modification when a child begins living with the noncustodial parent. It provides that a court may offset against future support payments those amounts accruing "during time periods other than reasonable visitation in which the noncustodial parent had physical custody of the child with the knowledge and consent of the custodial parent."

Reversed and remanded.

PITTMAN and BIRD, JJ., agree.

---

[2] *Cameron* and *Roark* were overruled to the extent that their holdings conflicted with the holding of *State v. Robinson*, 311 Ark. 133, 842 S.W.2d 47 (1992), that support and visitation orders are not interdependent.