92 S.W.3d 64 (2002)
80 Ark.App. 119
STATE of Arkansas, OFFICE OF CHILD SUPPORT ENFORCEMENT
v.
Eric R. BURGER.
No. CA 02-378.
Court of Appeals of Arkansas, Division I.
December 11, 2002.
*65 G. Keith Griffith, Van Buren, for appellant.
H. Sam Hilburn, Traci LeCerra, North Little Rock, for appellee.
TERRY CRABTREE, Judge.
Appellant, the Arkansas Office of Child Support Enforcement (OCSE), appeals the decision of the Faulkner County Circuit Court finding that equitable estoppel barred the collection of child-support arrearage from appellee, Eric Burger. Appellant argues that the trial court erred in finding that equitable estoppel applies in this case because there was no conduct by the appellant, or detriment to appellee, that would support such a finding. We reverse and remand.
Eric Burger and Judy Burger were divorced on June 4, 1984. Ms. Burger was granted primary custody of the couple's two children and reasonable visitation was given to Mr. Burger. Mr. Burger was ordered to pay child support in the amount of $36.50 weekly for his two children. Shortly after the divorce was finalized, Ms. Burger left Arkansas with the children, and Mr. Burger did not hear from them again or see his children again until 1996.
In 1993, OCSE contacted Mr. Burger because the State of Texas was requesting that Arkansas enforce the child-support order. OCSE did not know where Ms. Burger and the children were, and it was through the efforts of Mr. Burger that they were located in Abilene, Texas. Once Mr. Burger was satisfied that his children were in fact alive, he called OCSE and told them that he wanted to pay the child support ordered. Mr. Burger began making payments of $160 a month in 1993 and continued to pay that amount until his youngest child reached the age of majority in 1998.
In March 2001, OCSE filed a motion for citation for contempt against Mr. Burger for failure to pay child support that had accrued during the ten years his children's and ex-wife's whereabouts were unknown. Mr. Burger, through his attorney, filed a motion to dismiss based on the doctrine of res judicata due to the dismissal of a contempt action filed by Ms. Burger in 1994. However, the motion for contempt filed in 1994 was dismissed because Ms. Burger had entered into an agreement with OCSE to assist her in collecting child support, and Mr. Burger had already begun paying child support in 1993. It did not address any disposition of the existence or non-existence of any arrearage. For that reason, the Faulkner County Circuit Court denied appellee's motion to dismiss and held a hearing on the motion for citation filed by OCSE.
At the hearing, the appellee raised the defense of equitable estoppel. The parties stipulated that the amount of the arrearage *66 was $14,956. Appellee's former attorney, Hugh Finkelstein, testified that he and appellee were aware of an arrearage, but that OCSE did not include the arrearage in the calculation of the monthly support payments. Mr. Burger testified that he began paying the child support based on the agreement with OCSE and that the arrearage was not part of that agreement. The circuit court found that appellee had proven that the elements of equitable estoppel existed in this case and barred OCSE from collecting the child-support arrearage. This appeal followed.
A trial court's ruling on child-support issues is reviewed de novo by this court, and the trial court's findings are not disturbed unless they are clearly against the preponderance of the evidence. Roark v. Roark, 34 Ark.App. 250, 809 S.W.2d 822 (1991).
Appellant's arguments on appeal are that the trial court erred in ruling that there was conduct by appellant on which equitable estoppel could be based and that the appellee detrimentally relied on that conduct. Appellant asserts that the appellee did not prove that there was any conduct by the OCSE on which appellee could rely on to his detriment.
This court has recently addressed the issue of vesting of child-support payments in Hendrickson v. Office of Child Support Enforcement, 77 Ark.App. 103, 72 S.W.3d 124 (2002). We stated, citing Roark, supra, that:
Once a child support payment falls due, it becomes vested and a debt due the payee. Arkansas has enacted statutes in order to comply with federal regulations and to insure that the State will be eligible for federal funding. These statutes provide that any decree, judgment, or order which contains a provision for payment of child support shall be a final judgment as to any installment or payment of money which has accrued. Furthermore the court may not set aside, alter, or modify any decree, judgment or order which has accrued unpaid support prior to the filing of the motion. While it appears that there is no exception to the prohibition against the remittance of unpaid child support, the commentary to the federal regulations which mandated our resulting State statutes, makes it clear that there are circumstances under which a court might decline to permit the enforcement of the child-support judgment.
Hendrickson, 77 Ark.App. at 107, 72 S.W.3d at 126; (citing Roark, 34 Ark.App. at 252, 809 S.W.2d at 824) (citations omitted). The commentary to the federal regulations, which mandated Ark.Code Ann. §§ 9-12-314 and 9-14-234 (Repl.2002) states:
Enforcement of child support judgments should be treated the same as enforcement of other judgments in the State, and a child support judgment would also be subject to the equitable defenses that apply to all judgments. Thus, if the obligor presents to the court or administrative authority a basis for laches or an equitable estoppel defense, there may be circumstances under which the court or administrative authority will decline to permit enforcement of the child support judgment.
54 Fed.Reg. 15, 761 (April 19, 1989).
The elements of equitable estoppel are (1) the party to be estopped must know the facts; (2) the party must intend that its conduct shall be acted on or must so act that the party asserting estoppel has a right to believe the other party so intended; (3) the party asserting estoppel must be ignorant of the facts; and (4) the party asserting estoppel must rely on the other party's conduct to his detriment.
*67 Barnes v. Morrow, 73 Ark.App. 312, 43 S.W.3d 183 (2001). This court has affirmed the use of equitable defenses to prevent the enforcement of child-support orders, including arrearage. See Hendrickson, supra; Barnes, supra; Ramsey v. Ramsey, 43 Ark.App. 91, 861 S.W.2d 313 (1993); Arkansas Dep't of Human Servs. v. Cameron, 36 Ark.App. 105, 818 S.W.2d 591 (1991); Roark, supra.[1]
Appellant argues that it had no agreement between the partiest to forgive the arrearage that had accrued between 1984 and 1993. When the original child-support action was filed in 1993, appellant contends that it was attempting to collect the support on behalf of the State of Texas pursuant to its responsibilities under 45 CFR 303.7(c)(7)(iii), and not on its own behalf. Therefore, OCSE claims that it did not have ownership of the arrearage and could not forego the collection of that arrearage. OCSE claims that the appellee did not prove that any agreement with any person or entity existed, and thus, equitable estoppel could not apply. Appellee's previous attorney testified that although he and appellee were aware of an arrearage, no resolution of that arrearage had been discussed by the parties.
Arkansas Code Annotated section 9-14-218(a)(1)(A) (Repl.2002) provides for an "additional amount of not less than ten percent of the periodic child support payment to be applied toward liquidation of any accrued arrearage due under the order." The OCSE should have increased appellee's monthly support payment by at least ten percent of such payments, in this case approximately $16 per month, in order to satisfy the arrearage that had accrued. Both appellant and appellee testify that no arrangements were made between the parties for appellee to pay the arrearage. Appellee testified that the arrearage was not even mentioned to him by the OCSE in 1993 when he began making support payments again. The fact that OCSE knew that there was an arrearage in 1993 satisfies the first requirement of equitable estoppel. The OCSE, the party to be estopped, knew that the arrearage existed; however, the OCSE's lack of action does not constitute conduct that the appellee could have construed as an intention of the OCSE not to follow up on the arrearage. The appellee had been ordered by the court to pay child support, and he had failed to do so. The original court order had not been amended in any way, and it was the appellee's responsibility to pay the monthly support, not the responsibility of OCSE to make him pay it. Appellee knew of his obligation to pay $36.50 every week, and he did not comply with the court's order. It was appellee's inaction that led to the arrearage, not OCSE's inaction. Thus, the second element of equitable estoppel is not satisfied.
The third element of equitable estoppel requires that the party asserting the estoppel must be ignorant of the facts. This element is not contested by the appellant, but the testimony of the appellee's former attorney proves that appellee knew that there was an arrearage. Hugh Finkelstein testified that he and the appellee were aware that there was an arrearage when Mr. Burger began paying child support in 1993. Appellee was not ignorant of the fact that he had not paid court-ordered *68 child support for ten years and that there was an arrearage.
The fourth and final element of equitable estoppel requires that the party asserting estoppel must prove that the action, or in this case, the lack there of, of the other party was detrimental to him. Appellant argues that the appellee cannot prove that he suffered any detriment by not paying the accrued arrearage. Appellant asserts that, if anything, the appellee benefitted from not paying child support for ten years.
Appellee testified that he had not paid the ordered child support because he did not know the whereabouts of his children during that time. It was not until 2001 that appellee learned, through contempt proceedings, that he was nearly $15,000 in arrears on child support. Although this is a large amount, it is not a greater amount than appellee would have paid in monthly support payments during the years that the arrearage accrued. Because the amount is no greater than what was originally ordered at the time of his divorce, we find that appellee was not detrimentally affected by the appellant's failure to require payment on the arrearage in 1993.
Because the elements of equitable estoppel were not satisfied, we hold that the OCSE is not barred from collecting the accrued arrearage from the appellee.
Reversed and remanded.
JENNINGS and BIRD, JJ., agree.
NOTES
[1] In recent cases, Martin v. Martin, 79 Ark. App. 309, 87 S.W.3d 817 (2002), we pointed out that both Cameron and Roark were overruled to the extent that their holdings conflicted with the holding of State v. Robinson, 311 Ark. 133, 842 S.W.2d 47 (1992), that support and visitation orders are not interdependent. The overruling of these two cases does not affect our reliance on Roark and Cameron in the case at bar.