Heather Dawn CZUPIL  *v.*  Gregory Thomas JERNIGAN

CA 07-1253                                          286 S.W.3d 753

Court of Appeals of Arkansas
Opinion delivered September 10, 2008

*Hartsfield, Almand & Denison, PLC,* by: *Rebecca J. Denison,* for appellant.

*Candice Anne Cabaniss Settle,* for appellee.

SAM BIRD, Judge. Appellant Heather Dawn Czupil's sole point on appeal is that the Crawford County Circuit Court erred in retaining exclusive, continuing jurisdiction over the parties and the subject matter of this case under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). She makes three arguments to support her contention that the circuit court either lacked subject-matter jurisdiction or abused its discretion in exercising its jurisdiction: (1) the parties' child, S.J., who is the subject matter of this action, has no significant connection with this state because she was not born in Arkansas, has never lived in Arkansas, and has lived outside of Arkansas with appellant for over ten years; (2) Arkansas is an inconvenient forum; and (3) the Arkansas court had no jurisdiction to make the initial child-custody determination and therefore has no jurisdiction now. We hold that the Arkansas court had no subject-matter jurisdiction to enter the initial child-custody determination regarding S.J. and therefore reverse the order of the circuit court.

Appellant and appellee, Gregory Thomas Jernigan, were married on March 9, 1996. They separated on July 31, 1996, and were divorced on April 24, 1997, by order of the Crawford County Chancery Court.[1] Although the parties lived in Fort Smith during their marriage, appellant left Arkansas after their separation and before S.J.'s birth. S.J. was born on November 6, 1996, in Georgia, where appellant was then living. While the record does not specify exactly how long S.J. and appellant lived in Georgia, an order modifying visitation entered in June 1999 indicates that they lived in Georgia at that time. Appellee testified that for the first several years after S.J. was born he visited her at appellant's home in Georgia. Appellant and S.J. later moved to Texas, where they continue to live.

In the divorce decree, the court awarded custody of S.J. to appellant subject to appellee's right to exercise reasonable visitation. In June 1999, the Arkansas court granted appellee's motion to modify visitation so that it was governed by the court's standard order regarding child visitation. On April 24, 2007, appellant filed

---

[1] By virtue of Amendment 80 to the Arkansas Constitution, which became effective on July 1, 2001, our state courts are no longer chancery and circuit courts. These courts have merged and now carry the designation of "circuit court." *Perkins v. Cedar Mountain Sewer Imp. Dist. No. 43 of Garland County,* 360 Ark. 50, 199 S.W.3d 667 (2004).

a petition with the Crawford County Circuit Court to change "venue" from the circuit court in Crawford County to a court in Tarrant County, Texas, where she and S.J. live. She specifically asked the court to release jurisdiction over the case. This appeal arises out of the circuit court's denial of appellant's petition.

Child-custody jurisdiction is a matter of subject-matter jurisdiction. *See Dorothy v. Dorothy*, 88 Ark. App. 358, 360, 199 S.W.3d 107, 109 (2004) (citing *Moore v. Richardson*, 332 Ark. 255, 964 S.W.2d 377 (1998)). The UCCJEA is the exclusive method for determining the proper forum in child-custody proceedings involving other jurisdictions. *Id.* (citing *Greenhough v. Goforth*, 354 Ark. 502, 126 S.W.3d 345 (2003)). Subject-matter jurisdiction can be raised at any time by the parties or sua sponte by a court of review and cannot be conferred by the parties' agreement, consent, or waiver. *See, e.g., Zolliecoffer v. Post*, 371 Ark. 263, 265 S.W.3d 114 (2007); *Dorothy, supra; Larson v. Dunn*, 474 N.W.2d 34, 39 (N.D. 1991). Subject-matter jurisdiction relates to the competence of a court to hear a matter, and custody determinations are status adjudications not dependent upon personal jurisdiction over the parents. *Dorothy*, 88 Ark. App. at 361, 199 S.W.3d at 110. Moreover, the fact that a state has subject-matter jurisdiction to enter a divorce decree does not necessarily confer jurisdiction to make a child-custody determination. *Id.* In Arkansas, the UCCJEA governs all custody cases having an interstate dimension even if jurisdiction over the dissolution action is undisputed, and it is not necessary to file a separate action under the UCCJEA to invoke its rules. *Id.*

At issue in this case is the following provision of the UCCJEA:

> (a) Except as otherwise provided in § 9-19-204, *a court of this state which has made a child-custody determination consistent with § 9-19-201 or § 9-19-203 has exclusive, continuing jurisdiction over the determination until:*
>
> (1) a court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

Ark. Code Ann. § 9-19-202(a) (Repl. 2008) (emphasis added).

We first address appellant's argument that the Crawford County Chancery Court, which entered the parties' divorce decree and the initial child-custody determination, did not have subject-matter jurisdiction because, under Ark. Code Ann. § 9-19-202(a), only a court "which has made a child-custody determination consistent with § 9-19-201 or § 9-19-203" has exclusive, continuing jurisdiction until it makes either of the two determinations set forth in subsections (1) or (2). Section 9-19-203 applies to jurisdiction to modify an order of another state and is not applicable to this case. Therefore, in order for the circuit court to have had exclusive, continuing jurisdiction it must have made an initial child-custody determination consistent with section 9-19-201.

The circuit court made an "initial child-custody determination" in 1997 in its decree of absolute divorce. In that order, the court awarded custody of S.J. to appellant subject to appellee's right to exercise reasonable visitation. The UCCJEA was not enacted until 1999. The current UCCJEA provision found at Ark. Code Ann. § 9-19-201, which governs initial child-custody jurisdiction, replaced Ark. Code Ann. § 9-13-203, the provision in the Uniform Child Custody Jurisdiction Act (UCCJA) that governed jurisdiction for initial child-custody determinations. *See Dorothy,* 88 Ark. App. at 360, 199 S.W.3d at 109-110. Thus, any jurisdiction the circuit court had in 1997 to make an initial child-custody determination regarding S.J. must have derived from the following provision of the UCCJA:

> (a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
>
> (1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state; or
>
> (2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with

this state and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a)(1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

Ark. Code Ann. § 9-13-203(a) (Repl. 1993). "Home state" is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six (6) consecutive months, and in the case of a child less than six (6) months old, the state in which the child lived from birth with any of the persons mentioned." Ark. Code Ann. § 9-13-202(5) (Repl. 1993).

■    The record in this case shows that Arkansas was clearly not the home state of the child in 1997 when the circuit court entered its order. S.J. was born in Georgia, lived with her mother in Georgia, and had never been to Arkansas. Thus, the court could not have acquired jurisdiction under subsection (1). Home state jurisdiction belonged to the state of Georgia. Nor could the court have acquired jurisdiction under subsection (3), as S.J. was living with her mother and had not been abandoned. Subsection (4) would not have applied because Georgia was the home state of the child under subsection (1), and there was no evidence in the record that Georgia had declined to exercise that jurisdiction. Finally, while the court might have attempted to exercise jurisdiction pursuant to subsection (2), using a best-interest analysis, there is no evidence that it even considered the best interest of S.J. in making a jurisdictional determination and there are no findings to that effect in the record. Moreover, as a matter of law, we hold that S.J. could not have had "a significant connection with this state" and that there was not "available in this state substantial evidence concerning the child's present or future care, protection, training,

and personal relationships." S.J. had no connections to Arkansas at all: although her father lived in Arkansas, she was not born in Arkansas and had never been to Arkansas. *See, e.g., LeGuin v. Caswell*, 277 Ark. 20, 638 S.W.2d 674 (1982) (holding where only contact with state was that father had moved here, state had no jurisdiction over child custody). Further, there was a "home state" and there was no evidence that the home state had declined to exercise its jurisdiction. Thus, while we do not question the court's jurisdiction to enter an order of divorce, we hold that the court had no subject-matter jurisdiction to enter an initial child-custody determination.

An order entered by a court that acts without subject-matter jurisdiction is void and cannot be enforced. *See Rogers v. Rogers*, 80 Ark. App. 430, 436, 97 S.W.3d 429, 433 (2003). Therefore, the circuit court in this case did not have continuing, exclusive jurisdiction over the subject matter because its continuing jurisdiction was based on a child-custody determination that was void. We vacate the circuit court's order in this case and remand with directions for the circuit court to enter an order dismissing this case for lack of jurisdiction.

Reversed and remanded.

GLADWIN and ROBBINS, JJ., agree.