Merrimack,  
May 4, 1915. }

### EMMA C. COLBY *v.* AMERICAN EXPRESS CO.

Where goods delivered to an express company for carriage to another state are lost in transit, the rights and liabilities of the parties are governed by federal law.

Under federal law, a regulation filed with the interstate commission by an express company, limiting its liability for goods consigned to a specified amount in the absence of a declaration of greater value by the shipper, is conclusively presumed to be a part of the contract of carriage and governs the company's liability.

Where a case has been transferred upon findings from evidence and an agreement of counsel as to certain facts, it may be amended, upon motion of one of the parties, by a finding of additional facts not included in the agreement nor contradictory thereto.

ASSUMPSIT, to recover $166.25, the value of a package delivered to the defendants at Concord, New Hampshire, for transportation to Buffalo, New York, at which place it failed to arrive. Transferred from the April term, 1914, of the superior court by *Branch*, J., upon findings from evidence and an agreement of counsel as to certain facts.

When the package was delivered to the defendants' agent he inquired as to its value, and was told that the shipper did not know, but that it was quite valuable. The agent replied that it did not matter, that the package would reach its destination all right, and gave the shipper a receipt which stated, among other things, that the defendants' rates were based upon the value of the shipment, that unless the shipper declared the full and true value of the goods when the shipment was made such a package would be valued at $50 for the purpose of fixing the rate for carrying it, and that the liability of the defendants therefor would be limited to that sum. No rate was in fact fixed or paid at the time of shipment, and the package never reached Buffalo. Prior to the time of shipment, the defendants had duly published and filed with the interstate commerce commission schedules for rates and charges between Concord and Buffalo, which were based upon a valuation of $50 for each shipment of 100 pounds or less, with higher rates upon shipments of greater value. The package in question weighed less than 100 pounds.

Upon the foregoing facts, the court found a verdict for the plaintiff for $57.50, the amount for which the defendants had confessed judgment, and the plaintiff excepted. The court further found that if on the facts the plaintiff could recover the full value of the goods, a verdict should be entered for her for $166.25.

After argument in the supreme court, permission was given the defendants to apply to the superior court to reopen the case and admit evidence of rates and regulations filed with the interstate commerce commission; and if such application should be granted, there was leave for an amendment of the case, if from the evidence any further or different facts were found.

The case having been reopened upon such application, the superior court found that the matter filed with the interstate commerce commission included the following regulation: "The rates governed by this classification are based upon a value of not exceeding $50 on each shipment of 100 pounds or less, and not exceeding fifty cents per pound, actual weight, on each shipment weighing more than 100 pounds, and the liability of the express company is limited to the value above stated unless a greater value is declared at time of shipment and the declared value in excess of the value above specified is paid for or agreed to be paid for under the schedule of charges for excess value." The plaintiff excepted to the order reopening the case and admitting the foregoing evidence.

*Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Austin M. Pinkham* (of Massachusetts), by brief and orally, for the defendants.

PARSONS, C. J.   The transaction out of which the controversy arises being a part of commerce between the states as to which congress has acted, the rights and liabilities of the parties are governed by the federal law.   Under that law, a regulation filed with the interstate commerce commission, limiting the liability of the carrier to a specified amount in the absence of the declaration of a greater value, is conclusively presumed a part of the contract of carriage and governs the liability of the carrier.   *Boston & Maine R. R.* v. *Hooker*, 233 U. S. 97.   It is impossible to distinguish the present from the case cited, and the rule there laid down disposes of the present controversy upon the amendment finding the filing of the limiting regulation.   The act of March 4, 1915, which does not go into effect until ninety days after its passage, appears to intend a change of the law and not to be a declaration of the meaning of a statute in force.

The plaintiff's exception to the reopening and amendment of the case, upon the ground that the court has no power to amend an agreed case, is not tenable.   This is not a case where the facts were agreed upon for presentation to the law court, but the facts were found by the superior court upon evidence and statements of counsel.   *State* v. *Corron*, 73 N. H. 434, 462.   There was no occasion for the defendants to apply for relief from their agreement as to certain facts submitted as evidence to the superior court, because the additional evidence submitted and the facts found do not contradict anything in the agreement.   The finding is merely of an additional fact not included in the agreement.   The agreement, which is attached as an appendix to the amendment, contains the stipulation: "The case is submitted on the deposition of the plaintiff and the following agreed facts."   The defendants' motion to reopen the case was a request to be relieved from this stipulation. The court has found justice requires this to be done, and there was evidence to sustain the finding.

It does not appear that upon such reopening there was any controversy as to the facts already established by agreement.   If the plaintiff was misled into making the agreement as to the facts by the agreement for submission, or desires now to contest any of the facts agreed, the entire agreement should be set aside.   It does not

appear such course was asked for or suggested.  But it is not too late for such procedure.  As the case stands, the exceptions should be overruled, with judgment for the plaintiff for $57.50.  It may be that in fact justice requires an entire new trial.  Whether one should be had and upon what terms, pecuniary or otherwise, is to be determined by the superior court.

*Case discharged.*

All concurred.