Sullivan,  }
June 6, 1916.  }

### FRANK WOOD & a. v. BOSTON & MAINE RAILROAD.

A special contract by a carrier to deliver freight within a certain time from its shipment cannot be established merely by evidence that the transportation on previous occasions was within that time.

A carrier cannot be held guilty of negligence for delay in carrying freight, from the fact that it was more than a reasonable time upon the road, without evidence that the carrier was to blame for the delay.

A carrier is not responsible for a delay in transporting cattle due to unloading them in transit, unless the carrier was in fault for assuming that unloading was necessary in order to comply with the act of congress requiring cattle to be unloaded within periods of twenty-eight hours.

CASE, to recover damages for negligent delay in forwarding two carloads of cattle from Newport, N. H., to Union Market, Somerville, on June 30, 1913. The writ also contained a count in assumpsit. Transferred by *Branch*, J. from the November term, 1915, of the superior court on the plaintiffs' exception to a nonsuit. The facts sufficiently appear in the opinion.

*Frank O. Chellis* (by brief and orally), for the plaintiffs.

There was competent evidence from which it could be found that the defendants' negligence was the legal cause of the plaintiffs' loss; and they cannot relieve themselves from the consequences of their wrongful acts by special contract. *Durgin* v. *Express Co.*, 66 N. H. 277; *Peerless Mfg. Co.* v. *N. Y., N. H. & H. R. R.*, 73 N. H. 328; *Cox* v. *R. R.*, 170 Mass. 129; *School District* v. *R. R.*, 102 Mass. 552.

*Arthur S. Jones* (of Massachusetts) and *Hosea W. Parker* (*Mr. Jones* orally), for the defendants.

Delay on the part of an interstate carrier caused by stopping the transportation of cattle for food and rest is not actionable: *St. Louis &c. R. R. Co.* v. *Carlyle*, 34 Tex. Civ. Ap. 268; *L. & N. R. R. Co.* v. *Cecil*, 145 Ky. 271; *Galveston &c. R. R. Co.* v. *Warnken*, 12 Tex. Civ. Ap. 645; *Hynds* v. *Wynn*, 71 Ia. 593.

The failure of a shipper to give notice of a claim in the manner prescribed by the contract is a bar to recovery: *Kidwell* v. *Oregon Short Line R. Co.*, 208 Fed. Rep. 1; *Clegg* v. *St. Louis &c. R. R. Co.*,

203 Fed. Rep. 971; *Metropolitan Trust Co.* v. *Toledo &c. R. R. Co.,* 107 Fed. Rep. 628; *Parrill* v. *Cleveland &c. R. R. Co.,* 23 Ind. App. 638; *Cleveland &c. R. R. Co.* v. *Rudy,* 173 Ind. 181; *Kime* v. *Southern Ry. Co.,* 156 N. C. 451; *Letts* v. *Wabash R. R. Co.,* 131 Mo. App. 270.

The court is bound, in the case of an interstate shipment, to enforce the federal decisions: *Boston & Maine R. R.* v. *Hooker,* 233 U. S. 97.

In the absence of express contract, a carrier is not bound to deliver in time for a particular market: Michie Carriers, *pp.* 608, 630; *Sauter* v. *Atchison &c. Ry. Co.,* 78 Kan. 331; *Coffin* v. *N. Y. C. R. Co.,* 64 Barb. 379, *affirmed* in 56 N. Y. 632; *The Caledonia,* 157 U. S. 124.

If the shipper has an option as to rates, he is bound by a contract limiting the carrier's liability: *Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Atchison &c. Ry. Co.* v. *Robinson,* 233 U. S. 173.

On the question of the reasonableness of a rate, recourse must be had to the Interstate Commerce Commission: *Baltimore & Ohio R. R.* v. *U. S. (ex rel. Pitcairn Coal Co.),* 215 U. S. 481; *Morrisdale Coal Co.* v. *Penna. R. R. Co.,* 230 U. S. 304; *Boston & Maine R. R.* v. *Hooker,* 233 U. S. 97.

YOUNG, J.   The plaintiffs, who had been shipping cattle from Newport, N. H., to Somerville, Mass., for thirteen years, loaded two cars Monday, June 30, 1913, which did not arrive in Somerville until seven o'clock Tuesday evening.   In all their previous dealings stock loaded Monday had arrived in Somerville Tuesday forenoon usually between seven and eight o'clock.

The parties executed a standard "live stock contract," but the plaintiffs contend that it does not contain all the terms and conditions of their contract with the defendants.   In short, they say the defendants agreed to deliver these cattle in Somerville Tuesday forenoon.   They do not contend, however, that there was an express contract to this effect, but that such a contract can be found from the way in which the business had been conducted.

It will not be necessary to consider whether the contract, for which they contend, would be valid, for the evidence on which the plaintiffs rely has no tendency to prove such a contract.   The fact the defendants had, in the past, always delivered the plaintiffs' cattle in Somerville in time for Tuesday's market, has no tendency to prove an agreement to deliver them at that time, especially as the law prescribes the only contract they can legally make.   *Colby* v. *Company,* 77 N. H. 548.   Neither has the fact the defendants knew that

cattle delivered later than eight o'clock Tuesday forenoon could not be sold that day, any tendency to prove that they agreed to deliver all cattle received on Monday, by eight o'clock Tuesday forenoon. In short, it cannot be found that the defendants agreed to deliver these cattle Tuesday forenoon from the mere fact they were in the habit of performing the duty the law imposed on them for the plaintiffs' benefit; and that is the effect of the evidence on which the plaintiffs rely to prove the special contract.

If, therefore, the plaintiffs are to recover, it must be under the count in case.

To recover on that ground, they must show that their loss was caused by the defendants' wrongful acts. They contend that the defendants were in fault, (1) for the failure of the cattle to reach Somerville in time for Tuesday's market, (2) for unloading and resting the cattle in Nashua.

1. The evidence relevant to the plaintiffs' first contention tends to prove that the train which carried these cattle left Newport some time Monday afternoon, just when did not appear, and arrived in Concord too late to make its regular connection. The cattle are next heard of in Nashua at eight o'clock Tuesday morning, where they were unloaded for rest, water and feeding.

It did not appear when they left Nashua, but they did not arrive in Somerville until seven o'clock that night. It also appeared that the train on which these cattle were carried usually left Newport some time in the forenoon, usually around ten o'clock, and reached Somerville between seven and eight the next morning. While it can be found from this evidence that the reasonable time for carrying cattle from Newport to Somerville is twenty-two or twenty-three hours, and that these cattle were on the road considerably longer than that, it has no tendency to prove that the defendants were to blame for the delay. From all that appears, it is as probable that the delay was not, as that it was, caused by the defendants' fault.

2. The test to determine whether the defendants were in fault for unloading these cattle in Nashua is to inquire whether they were in fault for thinking that they could not deliver the cattle in Somerville within the twenty-eight hour period prescribed by the act of congress of June 29, 1906; U. S. Comp. Stat., Supp. 1907, *p.* 918. There is no evidence from which that can be found. There is nothing to show when the cattle arrived in Nashua; or when there was a train leaving Nashua to which these cars could be attached;

or the running time between Nashua and Somerville. From all that appears, the defendants were warranted in thinking that it would be impossible for them to deliver the cattle within the twenty-eight hour period, whether that begun to run at half past six Monday morning, when the cattle were fed and watered, or at half past nine when some of them were actually loaded.

All concurred.                                    *Exception overruled.*