## Linda L. Hood v. James E. Hood

[499 A.2d 772]

No. 82-138

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 9, 1985

*Shelley J. Gartner*, Waterbury, for Plaintiff-Appellee.

*Harry A. Black* and *Gary R. Wieland* of *Black, Black & Shreve*, White River Junction, for Defendant-Appellant.

**Hill, J.** The defendant, James E. Hood, appeals an order of the Windsor District Court entered pursuant to a D.C.C.R. 60(b) motion by the plaintiff, Linda Lee Hood. The court's order vacated in part, and affirmed in part, a prior order of that court to enforce

defendant's obligation to pay child support. We affirm in part and reverse in part.

The parties were divorced in March of 1977. Pursuant to the judgment order of divorce, the plaintiff was to have care, custody and control of the three minor children of the marriage. The defendant was granted the right to have reasonable visitation with the children at all reasonable times and places. The defendant was also ordered to pay the plaintiff for the care and support of the children the sum of $30.00 per week ($10.00 per week per child) until the children reached majority or became emancipated.

In 1978, the Windsor County state's attorney's office, pursuant to the Vermont Uniform Reciprocal Enforcement of Support Act (URESA), 15 V.S.A. ch. 7, sought to enforce the original divorce order for support on behalf of plaintiff, who had since moved to Maryland. The state's attorney entered into a stipulation with the defendant concerning support and visitation. The district court entered an order on July 3, 1978, adopting, in toto, the provisions of the stipulation. That order called for the defendant to pay six hundred dollars in full and final settlement of all claimed arrearages and forthwith to commence paying $30.00 per week for support of his children. It also gave the defendant the right to have the three children with him for a period of one month during the summer, and to have the right to visit the three children at the children's home at reasonable times and places and upon reasonable notification to the plaintiff of his intentions. The order further stated that in the event the plaintiff refused, without reasonable cause, to permit the defendant to have the children with him, or to have reasonable visitation as provided for, then the payments of $30.00 per week shall be suspended and shall remain suspended until plaintiff brings herself into compliance with the order.

In 1979, the Vermont Department of Social Welfare, on behalf of both the plaintiff and the Department of Social Welfare of the State of Maryland, which was an assignee of child support from the plaintiff, then moved, pursuant to D.C.C.R. 60(b), to vacate those portions of the district court's order relating to (1) visitation and (2) tying the obligation of support to visitation. It also moved to enforce that portion of the order relating to payment of child support. In 1981, in ruling on the motion, the district court determined that it had had no jurisdiction to issue its prior order

relating to visitation, or tying support payments to visitation, as such was beyond the scope of URESA. 15 V.S.A. §§ 385, 411. The court thus struck those paragraphs from its prior order. The court reaffirmed the other portions of the prior order relating solely to defendant's obligation to pay child support.

The purposes of URESA are "to improve and extend by reciprocal legislation the enforcement of duties of support." 15 V.S.A. § 385. Actions brought in the district court pursuant to this act concern only the enforcement of a support obligation. Title 15 V.S.A. § 411 states in part: "[t]he determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court." This provision specifically separates the obligation of support from any other right or obligation concerning custody or visitation. The court's determination that it had no authority in an action brought under this act to issue orders relating to visitation was thus correct. E.g., *Leland* v. *Fricke*, 376 So. 2d 432 (Fla. Dist. Ct. App. 1979); *Rathmell* v. *Gardner*, 105 Ill. App. 3d 986, 434 N.E.2d 1156 (1982); *People ex rel. Winger* v. *Young*, 78 Ill. App. 3d 512, 397 N.E.2d 253 (1979); *County of San Diego* v. *Elavsky*, 58 Ohio St. 2d 81 n.3, 388 N.E.2d 1229 n.3 (1979). But see *Shinouda* v. *Shinouda (In re Proceeding Under the Uniform Support of Dependents Law)*, 96 Misc. 2d 290, 409 N.Y.S.2d 184 (N.Y. Fam. Ct. 1978). The portion of the court's order vacating the last two paragraphs of its prior order is therefore affirmed.

The prior order incorporated in toto a stipulation entered into by the parties. As a general rule, relief from a stipulation should not be granted where it would be partial in nature. *Emerick & Duncan Co.* v. *Hascy*, 146 F. 688, 695 (9th Cir. 1906); *Welsh* v. *Noyes*, 10 Colo. 133, 145, 14 P. 317, 323 (1887); *In re Estate of Clark* v. *Lundy*, 181 N.W. 2d 138, 142 (Iowa 1970); *Gerdtzen* v. *Cockrell*, 50 Minn. 546, 550, 52 N.W. 930, 931 (1892); *City of Lincoln* v. *Lincoln Street Ry.*, 67 Neb. 469, 476, 93 N.W. 766, 768 (1903); *Colby* v. *American Express Co.*, 77 N.H. 548, 550, 94 A. 198, 200 (1915). The reasoning behind this rule is that the granting of partial relief alters the parties' original agreement and generally causes one of the parties to bear the burdens of the agreement while foregoing its benefits. In the instant case, the defendant gave up his right to present any defenses he may have had concerning the amount of arrearages owed prior to 1978. A

partial enforcement of the prior order thus leaves the defendant to bear the burden of not raising his defenses, while relinquishing the benefit of having an agreement enforced concerning visitation.

The district court, however, may modify an order rather than vacate it when ruling on a D.C.C.R. 60(b) motion; but it may do so only after a full evidentiary hearing on all disputed issues. *Cliche* v. *Cliche*, 143 Vt. 301, 307, 466 A.2d 314, 317 (1983). No such hearing was held in this case. Consequently, the parties were not placed in the same position in which they would have been had there been no agreement. See *Emerick & Duncan Co.* v. *Hascy, supra*, 146 F. at 695 (relief from stipulation should be like rescission and put parties back to preagreement status quo). The portion of the district court's order enforcing only part of its prior order must therefore be reversed.

*Affirmed in part and reversed in part.*