{¶ 35} I respectfully dissent from the majority's disposition of Goldberg's cross-assignment of error. The cross-assignment of error challenges the trial court's jurisdiction to award the estate judgment on the wrongful death proceeds, as the trial court awarded in its August 9, 1999 judgment entry. The majority held that this court does not have jurisdiction to address that decision because Goldberg failed to timely appeal that decision.
 {¶ 36} The cross-assignment of error challenges the subject matter jurisdiction of the trial court. The issue of jurisdiction can be raised at any time during the course of legal proceedings, and this issue can never be waived. Reynolds v. Whitney (Mar. 31, 2004), 10th Dist. No. 03AP-1048, 2004 Ohio App. LEXIS 1434, at 6, citing In re Byard, 74 Ohio St.3d 294, 296,1996-Ohio-163; White v. America West Airlines, Inc.,152 Ohio App.3d 14, 18, 2003-Ohio-1182. Further, "[a] judgment rendered by a court lacking subject matter jurisdiction is void ab initio."Reynolds at 4, citing Patton v. Diemer (1988),35 Ohio St.3d 68. As such, Goldberg did not waive jurisdiction by challenging jurisdiction for the first time as part of this appeal.
 {¶ 37} To this end, I respectfully concur in part and dissent in part from the majority's opinion.