2007 VT 111

**Marie Josee JUSTER v. Robert JUSTER**

[940 A.2d 704]

No. 06-484

¶ 1. October 10, 2007. Defendant appeals from a denial of his motion for relief from judgment, filed pursuant to V.R.C.P. 60(b)(1), (2) and (6), which moved the court to set aside a final order and decree of divorce based on a stipulation. We find no abuse of discretion by the trial court in denying defendant's motion and affirm. See *Sandgate Sch. Dist. v. Cate*, 2005 VT 88, ¶ 6, 178 Vt. 625, 883 A.2d 774 (mem.) (stating abuse-of-discretion standard for reviewing Rule 60(b) motions).

¶ 2. The final order defendant seeks to set aside was issued on May 16, 2005. Defendant moved for relief from judgment on May 2, 2006. Defendant's claim is that, although he entered into the stipulation voluntarily, the stipulation was based on an erroneous set of figures in a spreadsheet setting forth the assets of the parties for division. Defendant submits that he did not scrutinize the spreadsheet for errors so that he did not discover them until after he entered the stipulation, having trusted the accountant whom he hired, and having relied on the accountant's good faith and professionalism. Defendant claims that an error of some $500,000 has been made as a result of the erroneous valuations that appeared on the spreadsheet, all of which were available to defendant prior to his agreement to the stipulation. Because the stipulation divided the parties' property by percentages of the values stated, defendant claims he is not trying to set aside the judgment, but merely to correct the accuracy of the distributions under the stipulation. He asks that we set aside the order below and remand to distribute the assets in light of the corrected spreadsheets.

¶ 3. The trial court accepted defendant's allegations as true for the purposes of the motion, but denied relief claimed under each section of Rule 60(b) because defendant voluntarily entered into the stipulation. The trial court reasoned that, to the extent defendant's accountant made mistakes, defendant had an opportunity to examine the figures before accepting them. The fact that he did not avail himself of that opportunity does not afford him relief under Rule 60(b). No other ground for relief was justified, and therefore the trial court denied the motion.

¶ 4. We agree with the trial court's analysis. First, there is no "mistake" for which defendant is not solely responsible. Defendant made the decision to hire the accountant, accept the figures in the spreadsheet without scrutiny, and enter into a stipulation, admittedly voluntarily. This is not the sort of mistake contemplated by Rule 60(b)(1), but rather reflects a tactical decision made by defendant that he now regrets. See *Wild v*

*Brooks*, 2004 VT 74, ¶ 20, 177 Vt. 171, 862 A.2d 225 (Rule 60(b) "does not operate to protect a party from freely made tactical decisions which in retrospect may seem ill advised" (citation omitted)). Second, the "mistaken" evidence is not cognizable under Rule 60(b)(2), which permits the court to afford relief on the basis of newly discovered evidence that could not have been discovered before trial through the exercise of due diligence. See *Stalb v. Stalb*, 168 Vt. 235, 248, 719 A.2d 421, 429-30 (1998). By his own admission, defendant had the figures available to him, but did not exercise the opportunity to avoid the error. Finally, no other relief is available under Rule 60(b)(6) ("any other reason justifying relief"), because the grounds asserted by defendant are of the type recognized under 60(b)(1) and (2). See *Alexander v. Dupuis*, 140 Vt. 122, 124, 435 A.2d 693, 694 (1981) ("Relief under V.R.C.P. 60(b)(6) is available only when a ground justifying relief is not encompassed within any of the first five classes of the rule." (citation omitted)).

*Affirmed.*