STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Three Church Street | } | Docket No. 22-2-06 Vtec |
| In re: Three Church Street Act 250 Permit | } | Docket No. 174-7-06 Vtec |
| (Appeals of Hummel) | } | |
|  | } | |

## Decision and Order on Pending Motions

In Docket No 22-2-06 Vtec, Appellants Kermit and Barbara Hummel appealed from a January 2006 decision of the Development Review Board (DRB) of the Village of Woodstock, approving an application by Applicant The Lauren Group, LLC relating to an inn at Three Church Street in Woodstock. In Docket No. 174-7-06 Vtec, Appellants appealed from a decision of the District #3 Environmental Commission granting Act 250 Land Use Permit #3W0956 to The Lauren Group, LLC relating to the same property, and denying Appellants' motion to alter that decision. Both matters were disposed of by a consent order entered on July 25, 2007 (the 2007 Settlement Order).

Appellants are represented by J. Christopher Callahan, Esq.; Appellee-Applicants The Lauren Group, LLC and its manager Jack Maiden are represented by Thomas Hayes, Esq.; and the Village of Woodstock is represented by Todd C. Steadman, Esq. In the Act 250 appeal only, the Agency of Natural Resources is represented by Catherine Gjessing, Esq.

The Lauren Group, LLC, has moved under V.R.C.P. 60(b) for relief from one requirement of the 2007 Settlement Order. Appellants have moved for Contempt or for Sanctions to enforce the entirety of the same order. Neither the Village nor ANR have submitted memoranda on the pending motions. In a third case, on inactive status pending the resolution of the present motions, Docket No. 111-6-08 Vtec, the Village brought an enforcement action against The Lauren Group, LLC.

1

The 2007 Settlement Order contained conditions in paragraphs numbered 2, 3, and 4, requiring Applicant to move an existing kitchen exhaust vent to a specified location by May 1, 2008; allowing Applicant to hold no more than four events per calendar year in excess of 33 people, conditioned as provided in an attached schedule; and incorporating all conditions, not inconsistent with the settlement, imposed by the two municipal permits at issue in Docket No. 22-2-06 Vtec, and the Act 250 Land Use Permit at issue in Docket No. 174-7-06 Vtec.

In its present motions, Applicant has moved under V.R.C.P. 60(b) for relief from paragraph 2 of the Order, which contains the conditions concerning the relocation of the exhaust vent, and has also requested "relief to locate the vent either where it is now located or at the same location, but elevated."  Appellants have moved for contempt and sanctions based on Applicant's failure to move the exhaust vent to the specified location by May 1, 2008.

A motion under Rule 60(b) is the appropriate method for a party to seek relief from a stipulated settlement agreement that is incorporated into a final judgment. Johnston v. Wilkins, 2003 VT 56, ¶ 8, 175 Vt. 567 (mem.).  V.R.C.P. 60(b) allows a Court to grant relief from a final judgment or order, upon motion and "upon such terms as are just," for reasons of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In the present motion, Applicant has moved for relief under V.R.C.P. 60(b)(6). Rule 60(b)(6) is "intended to 'prevent hardship or injustice and thus [is] to be liberally construed and applied.'"  Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 7, 178 Vt. 625 (mem.) (quoting Estate of Emilo, 146 Vt. 421, 423–24 (1985)).

2

Despite this liberal construction, there are circumstances in which the "interests of finality limit when relief is available" under Rule 60(b)(6). Riehle v. Tudhope, 171 Vt. 626, 627 (2000) (mem.) (citing Tudhope v. Riehle, 167 Vt. 174, 178 (1997)). Rule 60(b)(6) should not be used to relieve a party from "an ill-advised tactical decision or from some other free, calculated, and deliberate choice of a party." Id. (citing Richwagen v. Richwagen, 153 Vt. 1, 3–4 (1989)). Nor is Rule 60(b)(6) relief appropriate when the movant is at fault or has failed to prevent the circumstances which allegedly justify the relief sought. McCleery v. Wally's World, Inc., 2007 VT 140, ¶ 12 (mem.) (citing 12 J. Moore, et al., Moore's Federal Practice § 60.48(3)(b), at 60-188).

Unlike motions for relief under subsections (1)–(3) of V.R.C.P. 60(b), which must be filed within one year after judgment, Rule 60(b)(6) motions have no time limit, as long as they are filed "within a reasonable time" after judgment. See Kellner v. Kellner, 2004 VT 1, ¶ 12, 176 Vt. 571 (mem.). Rule 60(b)(6) cannot be used to avoid the time limitation imposed on motions filed for the reasons set forth in subsections (1) through (3) of the Rule. See Juster v. Juster, 2007 VT 111, ¶ 4, 182 Vt. 622 (mem.) (citing Alexander v. Dupuis, 140 Vt. 122, 124 (1981)).

Applicant's motion was filed on July 29, 2008, one business day after the expiration of one year from the entry of the 2007 Settlement Order. However, it does not fall within the other listed subsections of Rule 60(b) and is therefore not barred by the one-year limitation.

Applicant argues that relief from judgment is justified because the action required by paragraph 2 of the Settlement Order is "not physically possible."[1] Paragraph 2 requires the exhaust vent to be relocated "behind an existing chimney on

---

[1] A stipulated agreement is an "'independent contract'" over which the Court has jurisdiction, see Lussier v. Lussier, 174 Vt. 454, 456 (2002) (mem.) (quoting Manosh v. Manosh, 160 Vt. 634, 634 (1993) (mem.)), making a request for relief analogous to the defense of 'impossibility of performance' in contract law. See generally 17A Am. Jur. 2d Contracts §§ 655–683.

the main roof." However, Applicant has not, or has not yet, made a showing that relocation of the vent is not physically possible. Rather, in discussions with the vent contractor, Applicant became aware that the stipulated location does not conform to fire code regulations, which require a through-roof vent (such as the exhaust vent at issue here) to be located at least ten feet from any existing chimney. Applicant argues that locating it at the required distance would eliminate a second-floor guest room and "impinge on the viability of a third-floor room," which it describes as "not an option" due to other considerations.[2] Applicant argues that its possible alternatives are to keep the vent at its current location, to raise it higher at its current location, or to run the vent where the chimney is now located,[3] which would require design review approval. Applicant requests to be allowed to keep the vent in its current location or to raise it higher in its current location.

Relief from the requirement that the vent be placed in the agreed location is justified by the conflicting fire code requirement; however, such relief does not warrant approval of any alternative location or approval of the original location. Rather, as this court explained in In re Appeal of Cumberland Farms, No. 196-9-02 Vtec, slip op. at 5 (Vt. Envtl. Ct. Apr. 18, 2008) (Wright, J.):

> Relief from one aspect of a stipulation . . . without vacating the remainder of the stipulation . . . is particularly disfavored because "the granting of partial relief alters the parties' original agreement and generally causes one of the parties to bear the burdens of the agreement while foregoing its benefits." Hood v. Hood, 146 Vt. 195, 197 (1985).

---

[2] The number of seats approved for the restaurant is related to the number of rooms at the inn, under the applicable zoning regulations.

[3] Applicant does not indicate whether it is proposing as an alternative that the vent be run inside the existing chimney, or whether it is proposing that a new brick chimney be constructed around the vent pipe, or whether it is proposing that a metal vent pipe replace the chimney in its location.

In this case, it would not be equitable to allow Appellants to leave the vent in the location that was the primary basis for Appellants' appeal, without allowing Appellants to proceed with their appeal of that issue. Accordingly, Applicant's motion seeking relief from judgment "to locate the vent either where it is now located[,] or at the same location[] but elevated," is DENIED. However, any party may move under V.R.C.P. 60(b) to vacate the 2007 Settlement Order, at least as to the issues relating to the kitchen vent location, so that those issues may be litigated and so that the various alternatives proposed by either party may be considered by the Court. Appellants' Motion for Contempt Sanctions is therefore DENIED as MOOT at this time, subject to renewal if appropriate.

A telephone conference has been scheduled (see enclosed notice) to discuss whether any party anticipates filing any further motions in these cases and to set a schedule for proceeding with Docket No. 111-6-08 Vtec.

Done at Berlin, Vermont, this 16th day of December, 2008.

_____
Merideth Wright
Environmental Judge