2012 VT 57

## Maura E. Breslin v. James Synnott III

[54 A.3d 525]

No. 11-336

Present: **Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Johnson, J. (Ret.), Specially Assigned**

Opinion Filed July 20, 2012

*Catherine E. Clark* of *Clark, Werner & Flynn, P.C.*, Burlington, for Plaintiff-Appellant.

*Julie A. Frame, Robert W. Katims* and *Emily Bayer-Pacht* of *Hoff Curtis*, Burlington, for Defendant-Appellee.

¶ 1. **Reiber, C.J.** Wife appeals from a superior court, family division order requiring her to sign a waiver to correct a previously filed Qualified Domestic Relations Order (QDRO), which erroneously gave her survivorship benefits in her former husband's pension. We affirm.

¶ 2. The underlying facts are not in dispute. Wife and husband were married in 1976, legally separated in 2001, and divorced in 2003. The divorce order, fully incorporating the terms of the separation agreement, awarded wife "one half of the pension, as of the date of separation and the [husband] is awarded the remainder." A QDRO signed by wife's attorney was filed in 2009 to implement the terms of the order. The QDRO mistakenly awarded wife survivorship benefits in husband's pension, contrary to the divorce order which merely provided wife with one-half of the pension, with remainder to husband. The family division approved the QDRO, and the plan administrator implemented it, which resulted in payments being made to wife. Husband did not object to the submission of the 2009 QDRO, and did not appeal its approval.

¶ 3. In 2010, wife and husband jointly filed a new QDRO, which omitted the erroneous section regarding survivorship benefits. The family division approved the QDRO. In January 2011, the plan administrator rejected the QDRO because payments had already begun under the 2009 QDRO. The plan administrator noted that wife could fix this problem by "waiv[ing] away her right" to the survivorship benefits. Husband's attorney contacted wife's attorney numerous times between January and March, inquiring as to her position on the waiver issue. Having not heard anything, husband filed a motion to enforce in March 2011.

¶ 4. The court held a chambers conference in August 2011 and issued an entry order the same month concluding that wife is not entitled to the survivorship benefits. The court found that the divorce order merely granted wife "a defined, independent right to one half the pension," while husband was granted his own separate pension rights. The court ordered wife to execute the waiver to restore to husband and his family the sole right to any survivorship benefits. Wife appeals.

¶ 5. On appeal, wife contends that: (1) claim preclusion prevents altering the 2009 QDRO; (2) the court lacked jurisdiction to enter its order because husband had not filed a motion to modify; and (3) the court improperly failed to hold a hearing.[1] Husband argues that the QDRO is not a court order, but merely a tool to implement the divorce order, and here the waiver is required to implement the final order.

¶ 6. Normally, a property disposition that includes the division of retirement benefits proceeds in two steps. First, the family division enters a substantive order which equitably divides and assigns the parties' property. See 15 V.S.A. § 751. Second, in order for the division of retirement benefits to be implemented, a QDRO is entered as a court order directing the plan administrator to make certain specified payments to the ex-spouse. See 2 B. Turner, Equitable Division of Property § 6:20, at 113 (3d ed. 2005).

¶ 7. A QDRO is defined in relevant part by the Employee Retirement Income Security Act (ERISA) as a domestic relations order "which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I). In order for the QDRO to be qualified — for the Q to be added to the DRO — certain requirements must be met. See *id.* § 1056(d)(3)(C)-(D). Once the plan administrator qualifies the QDRO, payments are made in accordance with the requirements contained in the QDRO. *Id.* § 1056(d)(3)(A). It is from this statutory scheme and general description of QDRO practice that we draw the conclusion that a QDRO is characterized properly as a procedural device that enforces an underlying substantive order. See *Kremenitzer v. Kremenitzer*, 838 A.2d 1026, 1028 (Conn. App. Ct. 2004) (explaining that a QDRO is vehicle for enforcing court judgment); see also Turner, § 6:20, at 113-14 (noting "strong general rule" that QDRO is not substantive order, but rather

---

[1] Wife also argues that the 2010 QDRO is unenforceable because it was obtained under duress and because there was no consideration to modify the 2009 QDRO. Neither wife's May 12, 2011 response to husband's motion to enforce, nor her August 2, 2011 supplemental memorandum specifically raised theories of duress or lack of consideration. Thus, we do not consider the issues because they were not sufficiently preserved. See *Bull v. Pinkham Eng'g Assocs.*, 170 Vt. 450, 459, 752 A.2d 26, 33 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").

*"procedural device[ ] for enforcing the terms of the underlying substantive order"*). Accordingly, the QDROs in this instance were entered to effectuate the property disposition made in the underlying separation agreement and divorce order, though the 2009 QDRO was drafted incorrectly.[2]

¶ 8. Wife contends that the family division erred in ordering her to sign the waiver because the 2009 QDRO is entitled to preclusive effect and should continue in pay status for that reason. We review questions of law — here, the claim preclusion issue — de novo. *In re Town Highway No. 20*, 2012 VT 17, ¶ 62, 191 Vt. 231, 45 A.3d 54. In general, claim preclusion "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Iannarone v. Limoggio*, 2011 VT 91, ¶ 14, 190 Vt. 272, 30 A.3d 655 (quotation omitted). Claim preclusion is found where "(1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the prior proceeding." *Id.* ¶ 15 (quotation omitted).

¶ 9. The doctrine of claim preclusion is ill-suited for these particular facts. As wife points out, the principle of finality generally prohibits modification of the property division, "absent circumstances, such as fraud or coercion, that would warrant relief from a judgment generally." *Youngbluth v. Youngbluth*, 2010 VT 40, ¶ 10, 188 Vt. 53, 6 A.3d 677 (quotation omitted). Here, however, the 2009 QDRO did just that by giving wife survivorship benefits that were not provided for in the separation agreement and final divorce order. Wife's argument falls on its own sword since the 2009 QDRO for which she is advocating undisputedly conflicted with, and in essence attempted to modify, the divorce order. Because the 2009 QDRO purported to modify the underlying property division, it is invalid and not entitled to preclusive effect. See *McCoy v. Feinman*, 785 N.E.2d 714, 721 (N.Y. 2002) (noting that "a court errs in granting a domestic relations order encom-

---

[2] It is important to note that the interpretation of the divorce order, which incorporated the separation agreement, is not at issue. It appears undisputed that the 2009 QDRO did not properly implement the correct terms of the divorce order and gave wife survivorship benefits which were not otherwise available to her under the property division. Thus, we need not determine, as between the divorce order and the 2009 QDRO, which reflects the parties' intent.

passing rights not provided in the underlying stipulation, or a QDRO more expansive than an underlying written separation agreement" (citation omitted)); *Bagley v. Bagley*, 2009-Ohio-688, 908 N.E.2d 469, ¶ 27 (Ct. App.) (holding that QDRO that conflicts with property division is void); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003) (holding that because modification of property division is prohibited, "the trial court had no authority to enter an order altering or modifying the original disposition of property"); see also Turner, § 6:20, at 123 n.31 ("In cases of outright conflict . . . the DRO should give way, for it is only an enforcement device and not the primary substantive division of the benefits at issue.").

■ ¶ 10. Wife also contends that the court's order, requiring her to waive the survivorship benefits derived from the 2009 QDRO, was beyond the court's jurisdiction. She contends that · "the pension rights are a part of the property settlement," and that requiring waiver of the benefits would result in a modification of the underlying property division. We review this question of law de novo. See *In re Town Highway No. 20*, 2012 VT 17, ¶ 62. As the trial court noted, wife was not entitled to the claimed survivorship benefits under the property division, and the benefits did not become a "part of" the property division by virtue of a mistake in drafting the 2009 QDRO. Thus, the order requiring wife to waive the erroneously awarded survivorship benefits is necessary to enforce the correct terms of the divorce decree, and the court had jurisdiction to issue it. See *State v. Kornell*, 169 Vt. 637, 638, 741 A.2d 290, 291 (1999) (mem.) (holding that courts have ancillary jurisdiction to enforce their orders); see also *In re Marriage of Allen*, 798 N.E.2d 135, 137-38 (Ill. App. Ct. 2003) (noting that court has indefinite jurisdiction to enforce underlying order, and thus had jurisdiction to correct prior QDRO to conform to divorce judgment).[3] Furthermore, although it is true that the

---

[3] Wife argued at oral argument that if the court required her to sign the waiver, it would be invalid because it would not be voluntary. See, e.g., *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226, 231 (2d Cir. 1995) (holding that waiver of pension benefits under ERISA is subject to closer scrutiny than other waivers, and requires a knowing and voluntary waiver of the *right* to benefits). Without passing on this standard for waiver of pension benefits under ERISA, we find no application here because the divorce order did not give wife the claimed survivorship benefits, and therefore she had no *right* to the benefits in the first place.

family division is without power to modify the property division absent grounds under Rule 60(b), *Youngbluth*, 2010 VT 40, ¶ 10, a supplementary order enforcing the property division portion of a divorce order is not considered a modification of the property division. *Sumner v. Sumner*, 2004 VT 45, ¶ 13, 176 Vt. 452, 852 A.2d 611. The order requiring a waiver, which would allow the 2010 QDRO to take effect, by design enforces the property division, and does not modify it. To the extent wife argues that the court did not have the power to modify the 2009 QDRO, as opposed to the underlying property division, this argument has no merit, as we have concluded that the 2009 QDRO is invalid.

■ ¶ 11. Wife's final argument is that the court should have held a hearing before rendering its order. The cases cited by wife are inapposite insofar as they relate principally to modification of substantive divorce orders or involve disputes of fact. See *Manosh v. Manosh*, 160 Vt. 634, 635, 648 A.2d 833, 836 (1993) (mem.) (holding that plaintiff was entitled to a hearing where facts were disputed in motion to reopen divorce order under Rule 60(b)); *Klein v. Klein*, 153 Vt. 551, 556, 572 A.2d 900, 903-04 (1990) (holding that a hearing was required to establish retroactive child support payment order); *Hood v. Hood*, 146 Vt. 195, 198, 499 A.2d 772, 775 (1985) (holding that a hearing was required where district court modified order relating to child support and visitation under Rule 60(b)). In this case, the court did not abuse its discretion in declining to hold a hearing. The court was not presented with a motion to modify the underlying divorce order, but only a motion to enforce it, and there were no disputes of fact identified by the parties.

*Affirmed.*