VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-SC-01604

| Raynie Sousis v. Guillermo Gomez Santana |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion to Vacate  (Motion: 3)
Filer:      Guillermo Gomez Santana
Filed Date:   March 17, 2026

Defendant, Guillermo Gomez Santana, has filed a motion to reopen and vacate the judgment (Motion 3) in this small claims case.  Plaintiff, Raynie Sousis, has not filed a response.  For the following reasons, the court denies the motion.

### Background

Santana was Sousis' landlord.  In 2025, Santana filed an eviction action against Sousis. As part of that action, Santana sought to make deductions from the security deposit against the damage done to the apartment Sousis rented.  Santana was not able to prove at the time that he had followed the statutory process for making deductions from a security deposit.  Later, Sousis moved to dismiss the case, and Santana did not oppose dismissal.

After the eviction case was dismissed, Sousis filed this small claims case to recover the amount of the security deposit.  The court set day of the trial for 1:00 PM Monday, March 2, 2026.  On Sunday evening, at 11:55 PM, Santana filed a motion through the electronic filing system requesting the court continue the trial due to an unavoidable work conflict he faced on Monday.  Although a document is considered filed on the day a person submits it, V.R.E.F. 5(c)(1), the electronic filing system does not process filings and make them available to the court instantaneously.  In this case, the motion to continue was not available to the court before the 1:00 PM trial.[1]  The court held the trial.  Sousis appeared, and presented evidence, while Santana did not appear.  The day after the trial, March 3, 2026, was Town Meeting Day, a state holiday, and the court was closed that day.

The motion to continue was available to the court by Wednesday, March 4, 2026.  The court requested a response to the motion and received responses from both Sousis and Santana, this latter response acting as a sur-reply to Sousis' arguments.  Taking the arguments into consideration, the court denied the motion to continue as Santana had not shown good cause why the court should have continued the trial at the last minute, or at least, thirteen hours and five minutes before the trial began.  On the same day as the court denied the motion for continuance,

---

[1] It appears that the motion did not finish processing through the system until after close of business on Monday.

Vermont Superior Court
Filed 04/14/26
Bennington Unit

it issued the *Findings and Order* on the merits of the small claims case. The order found that Sousis was entitled to a return of the security deposit, as Santana had not followed the statutory requirements to withhold the security deposit.

Santana filed a motion to vacate the judgment and reopen the case.

**Analysis**

Small claims cases are controlled by a streamlined set of rules, the Vermont Rules of Small Claims Procedure, with the overriding "objective of securing simple, informal, and inexpensive disposition." V.R.S.C.P. 13. Under Rule 4, the court may only consider certain types of motions:

> The only motions permitted are (a) a motion for judgment by default, (b) a motion to reopen a default judgment, (c) a motion to extend the time for service of the summons and complaint by a sheriff or other person authorized to serve process, (d) a motion for continuance of trial which will be granted by the court only for good cause, (e) a motion to dismiss for lack of personal jurisdiction over the defendant, (f) a motion to dismiss for lack of subject matter jurisdiction, and (g) any motion necessary to request a procedure available under these rules. Any of these permitted motions must be filed in writing.

V.R.S.C.P. 4. As far as requesting "a procedure available under these rules" when disputing judgments, a person may take an appeal under Rule 10, or fall back on the Vermont Rules of Civil Procedure under Rule 13, which covers matters that are not discussed within the Rules of Small Claims Procedure. This is only allowed "[w]hen matters arise that are not covered by these rules, the court will proceed by analogy to any applicable provision of the Vermont Rules of Civil Procedure that is consistent with these rules . . . and with the objective of securing a simple, informal, and inexpensive disposition of the claim." The reporter's notes to Rule 13, however, state "[b]y virtue of Rule 1, none of the Civil Rules applies unless expressly incorporated. Rule 13 permits their use by analogy, provided that the objective of keeping small claims proceedings "simple, informal, and inexpensive" is maintained." V.R.S.C.P. 13—Reporter's Notes. This means that the recourse to any kind of motion outside of these rules may only be resorted to if it covers basic concepts embodied within the law.

This judgement was made after a trial, at which only one party appeared to give testimony, but also took into consideration everything both parties have filed, as well as the arguments at trial, and is not a judgment in default. Cf. *Dougherty v. Surgen*, 147 Vt. 365, 366 - 67 (1986) ("A default may not be entered unless it appears that a defendant has failed to plead or otherwise defend."). Therefore, Santana's current motion to reopen is not permitted by V.R.S.C.P. 4(b), and subdivisions (a), (c), (d), (e), and (f) all do not apply. The only option is a motion to reopen that somehow fits within the narrow grounds of (g), which would be to request another procedure available under the small claims rules.

Nowhere else in the small claims rules, however, is a rule that allows a motion to reopen a judgment on the merits of the case presented to the court.  Under Rule 13, a person may file to reopen a judgement under a motion analogous to V.R.C.P. 60, but this should only be applied in cases that would warrant reopening generally.  Cf. *Breslin v. Synnott*, 2012 VT 57, 9, 192 Vt. 79 ("[T]he principle of finality generally prohibits modification of the property division, absent circumstances, such as fraud or coercion, that would warrant relief from a judgment generally." (internal quotation marks omitted)).

Santana does not claim any type of fraud or coercion.  The argument is that he has proof on the merits that he did not improperly withhold the security deposit.  The affidavits and documents submitted with the motion show Santana believed Sousis damaged the apartment, and left hundreds of dollars of items which required special trash pick-up.  The underlying issue, however, is that Santana had to follow the security deposit statute's requirements to the letter in order to retain the deposit.  See 9 V.S.A. § 4461(c).  Sousis claimed Santana did not give this notice in the statutorily required manner.  There is nothing in these affidavits showing Sousis made a fabrication regarding his evidence, though Santana's exhibits show Sousis may have had constructive notice from other sources.  Cf. *In re G.L.*, 2024 VT 60, ¶ 44, 220 Vt. 106 (discussing intentional fabrication of evidence as an act requiring reopening).

The statute is clear that the landlord must give the tenant actual notice of an intent to withhold the security deposit: "The landlord shall comply with this section by hand-delivering or mailing the statement and any payment required to the last known address of the tenant."  9 V.S.A. § 4461.  The Vermont Supreme Court has held that the requirements of this statute must be observed in a rigorous manner.  "Courts have noted in landlord and tenant cases that they have been insistent upon the landlord's punctilious compliance with all statutory eviction procedures, including notice provisions." *In re Soon Kwon*, 2011 VT 26, ¶ 14, 189 Vt. 598 (internal citations omitted).  For this reason, potential constructive notice through others is not enough to overcome Santana's statutory obligation to provide notice of any itemized deductions through either hand delivery or mail as required by 9 V.S.A. § 4461(d).  And it is not enough to show a circumstance that warrants reopening due to fraud or coercion.

Santana's motion is not one ordinarily permitted under the Small Claims rules and did not advance an argument that Santana is entitled to relief from judgment due to fraud or coercion or any other reason that would generally warrant relief.  Santana knew when the trial was, as shown by the last-minute request for continuance, and did not appear at the trial, nor give the court more than half a day's warning that he did not intend to appear.  Santana has not advanced an argument that merits reopening the judgment.

**Order**

The Motion to Vacate (Motion 3) is denied.

**Signed electronically April 14, 2026 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**